# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3194

_____

United States of America,      *
        *
     Plaintiff - Appellee,     *
        *
     v.     *
        *
John Shuler,     *
        *
     Defendant - Appellant.     *

_____

No. 09-1482

Appeals from the United States
District Court for the
Northern District of Iowa.

_____

United States of America,      *
        *
     Plaintiff - Appellee,     *
        *
     v.     *
        *
Heather Fiorella,     *
        *
     Defendant - Appellant.     *

_____

Submitted: October 21, 2009
Filed: March 11, 2010

_____

Before LOKEN, Chief Judge, MURPHY and BYE, Circuit Judges.

_____

LOKEN, Chief Judge.

A March 2007 warrant search of the home of John Shuler and Heather Fiorella, and subsequent warrant searches of computer equipment seized at the home, yielded hundreds of still and video images of child pornography. Included were dozens of photos and one video of Fiorella's eleven-year-old daughter, K.G., posing nude in erotic and lascivious displays, and a videotape of Shuler and Fiorella graphically enticing a fourteen-year-old girl, M.B., to engage in sexual activity such as performing oral sex on Shuler. Fiorella and Shuler were charged in a superseding indictment with conspiracy to produce, attempted production, and production of child pornography in violation of 18 U.S.C. §§ 2251(a) and (e) and 2, and possession of child pornography in violation of § 2252A(a)(5)(B) and (b)(2). Fiorella was also charged with violating § 2251(b) and (e) because one minor victim was her daughter.

Shuler pleaded guilty to production of child pornography and conspiracy to produce child pornography. Fiorella pleaded guilty to three counts of possession of child pornography. The district court[1] separately sentenced Shuler to 470 months in prison, and Fiorella to 360 months in prison. They appeal the sentences, raising several issues. While the cases were not consolidated on appeal, we address them in a single opinion and affirm both sentences.

## I. John Shuler's Sentence

At sentencing, the district court determined that the base offense level for Shuler's production offenses was 32. See U.S.S.G. § 2G2.1(a). While not disputing other enhancements, Shuler objected to the PSR's recommendation of a four-level enhancement under U.S.S.G. § 2G2.1(b)(4) because "the defendant's relevant conduct

_____

[1] The Honorable Linda R. Reade, Chief Judge of the United States District Court for the Northern District of Iowa.

involved possessing material that portrays sadistic or masochistic conduct or other depictions of violence." The PSR noted that some of this material was found on the disc containing images of K.G., and near the video of M.B. Shuler argued that this material "would not . . . be relevant conduct for John Shuler" absent further evidence he knowingly possessed it. The government argued that there was sufficient evidence of knowing possession because the material was found in the "sex room" of Shuler's basement. The government also noted that this four-level enhancement would only raise Shuler's total offense level by one -- from 42 to 43 -- because the highest level under the advisory Guidelines is 43.

The district court found that Shuler should be held responsible for the sadistic or masochistic images, perhaps jointly with Fiorella, and determined that his total offense level was 43, resulting in an advisory guidelines sentence of life in prison. The court sentenced Shuler to 470 months in prison -- the statutory maximum of 360 months on each count, with 110 months of the second to run consecutive to the first. The court also stated:

> I would note that if I erred in scoring the advisory guideline range, the Court's decision on the ultimate sentence of 470 months would be the same even without the four-level increase for . . . sadistic images and other depictions of violence after considering all of the statutory factors at 18 U.S.C. § 3553(a).

**A.** On appeal, Shuler alters his relevant conduct argument, asserting for the first time that the district court erred in imposing the § 2G2.1(b)(4) enhancement because the child pornography he produced -- videos and photos of K.G. and M.B. -- were not sadistic or violent images, and the possession of sadistic images produced by others is not relevant conduct for his production offenses. As the enhancement affected Shuler's advisory guidelines sentence, this is an issue of procedural error under United States v. Gall, 552 U.S. 38, 51 (2007).

-3-

On the merits, this appears to be an issue of first impression, raising difficult questions of whether sadistic or masochistic materials that Shuler did not produce are nonetheless relevant conduct to his production offense, either under U.S.S.G. § 1B1.3(a)(1), because they are "acts . . . that occurred during the commission of the offense of conviction," or under § 1B1.3(a)(2) despite the fact that § 1B1.3(a)(2) applies only to offenses "for which § 3D1.2(d) would require grouping," and child pornography production offenses governed by § 2G2.1 are not grouped under § 3D1.2(d). We decline to consider these questions because Shuler did not make this argument to the district court; the error, if any, is far from plain; and in any event we can readily dispose of this issue on another ground.

At sentencing, the district court explicitly stated that "the ultimate sentence of 470 months would be the same even without the four-level increase for . . . sadistic images and other depictions of violence." Because the Guidelines are now advisory, procedural errors in determining the advisory sentencing range are subject to harmless error analysis. Therefore, we have encouraged district courts in resolving a fact-intensive Guidelines issue "to state whether its resolution of the issue affected its ultimate determination of a reasonable sentence." United States v. Vickers, 528 F.3d 1116, 1121 (8th Cir. 2008). Here, the disputed enhancement only produces a one-level increase in the total offense level, and the sentence imposed by the district court, 470 months, falls within the advisory ranges for the two levels -- 360 months to life for level 42, and life for level 43. Moreover, even if the sentence was not within this overlap, Shuler was initially charged with possession of child pornography, a count dismissed pursuant to the plea agreement, and the Guidelines expressly provide that an upward departure may be based upon conduct "underlying a charge dismissed as part of a plea agreement . . . that did not enter into the determination of the applicable guideline range." U.S.S.G. § 5K2.21. In these circumstances, the district court's explicit statement rendered harmless any procedural error in applying § 2G2.1(b)(4).

-4-

**B.** Shuler further argues that his 470-month sentence is unreasonable because the district court failed to give adequate consideration to his personal history, including the fact that he had not been previously convicted of a sex crime. We review the substantive reasonableness of a sentence for abuse of discretion. United States v. Lazarski, 560 F.3d 731, 733 (8th Cir. 2009). "Substantive appellate review in sentencing cases is narrow and deferential. . . . [I]t will be the unusual case when we reverse a district court sentence - whether within, above, or below the applicable Guidelines range - as substantively unreasonable." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2008) (en banc) (quotation omitted). Here, the court stated that it had considered the statutory § 3553(a) factors, addressed Shuler's specific arguments for a variance, emphasized the surreptitiously produced video of victim M.B. in describing the criminal conduct, and concluded "there is absolutely no basis whatsoever to vary [downward] in this case." After careful review of the sentencing record, we conclude there was no abuse of discretion and affirm Shuler's sentence.

## II. Heather Fiorella's Sentence

The district court determined that the total offense level for Fiorella's three child pornography possession offenses was 41, resulting in an advisory guidelines sentencing range of 324-405 months in prison. The parties agreed to an adjusted offense level of 22 under U.S.S.G. § 2G2.2. The court then applied a 4-level enhancement for possession of sadistic or violent images, § 2G2.2(b)(4); a 5-level enhancement for a pattern of child exploitation activity, § 2G2.2(b)(5); and a 5-level enhancement for possession of 600 or more images, § 2G2.2(b)(7)(D). The court then applied the cross-reference to the child pornography production guideline, § 2G2.1, because Fiorella and Shuler induced and enticed both K.G. and M.B. "to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct." § 2G2.2(c)(1). This increased Fiorella's adjusted offense level to 38. The court imposed enhancements for obstruction of justice and multiple victims, denied a downward adjustment for acceptance of responsibility, and denied Fiorella's motion

for a downward departure or variance. The court sentenced Fiorella to three consecutive 120-month sentences, the statutory maximum for each count. United States v. Fiorella, 602 F. Supp. 2d 1057, 1065-76 (N.D. Iowa 2009).

**A.** On appeal, Fiorella first argues that three maximum, consecutive ten year sentences are unreasonable in a child pornography case. After rehashing the mitigating circumstances argued at sentencing, Fiorella complains that the district court "simply imposed the sentences that were determined" in the court's thorough sentencing memorandum; granted every sentence increase sought by the government; discounted "positive attributes" of Fiorella's prior life; and rejected "every one of her reasonable arguments for a less punitive sentence." Particularly given the district court's thorough explanation of its sentencing decisions, these contentions fall far short of persuading us this is the "unusual case" warranting reversal because a sentence is substantively unreasonable. Feemster, 572 F.3d at 464.

Fiorella further argues that the child pornography guidelines warrant downward variances because they were promulgated at the urging of Congress without the Sentencing Commission exercising its "traditional role . . . of empirical analysis." She relies on published decisions of other district courts in this circuit that have granted downward variances on this basis. See United States v. Shipley, 560 F. Supp. 2d 739 (S.D. Iowa 2008); United States v. Baird, 580 F. Supp. 2d 889 (D. Neb. 2008). This categorical argument was appropriately made to the district court, which explicitly distinguished these cases and rejected their reasoning. Fiorella, 602 F. Supp. 2d at 1074-75. It is not properly made to this court; our appellate role is limited to determining the substantive reasonableness of a specific sentence where the advisory guidelines range was determined in accordance with § 2G2.2 . See United States v. Kiderlen, 569 F.3d 358, 368-69 (8th Cir. 2009).[2]

---

[2]The Sentencing Commission recently published a thorough chronological review of the 22-year history of its child pornography guidelines. U.S. Sentencing

**B.** Fiorella next argues that the district court committed procedural error by applying the cross reference to § 2G2.1 in determining her total offense level. The cross reference applies when the offense "involved causing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct." § 2G2.2(c)(1). This provision "is to be construed broadly." U.S.S.G. § 2G2.2 comment. (n.5).

Fiorella argues the cross reference should not apply because there was no proof she was present when Shuler took the sexually explicit photos of her daughter, and no proof she knew Shuler made a surreptitious video of their pornographic session with M.B. It is undisputed that Fiorella encouraged her daughter to take nude photographs and later uploaded them onto a computer. The district court credited her earlier statements admitting that she participated in the photo sessions, rather than her later assertion to the contrary. Fiorella, 602 F. Supp. 2d at 1067. The video of M.B. shows Fiorella directing M.B. to a chair directly facing the hidden camera, encouraging M.B. to take nude pictures of herself, discussing sexual positions with M.B., applying a gel to her genitals and encouraging M.B. to do the same, and asking M.B. if she would "consider giving John a blow job." Even if Fiorella were ignorant of the hidden camera, the tape is ample evidence Fiorella enticed M.B. to produce child pornography. The evidence was clearly sufficient to support the district court's decision to apply the cross reference in § 2G2.2(c)(1). See United States v. Starr, 533 F.3d 985, 1001 (8th Cir.), cert. denied, 129 S. Ct. 746 (2008).

**C.** Finally, Fiorella argues the district court committed procedural error by imposing enhancements under § 2G2.2(b)(4) and § 2G2.2(b)(7)(D) because there was

---

Commission, THE HISTORY OF CHILD PORNOGRAPHY GUIDELINES (Oct. 2009), available at: http://www.ussc.gov/general/20091030_History_Child_Pornography_ Guidelines.pdf.

insufficient proof that she possessed Shuler's collection of sadistic or violent material and 600 or more images of child pornography. We need not consider the merits of these contentions because any error would be harmless. Due to the cross-reference we have now upheld, Fiorella's advisory guidelines range was based on the child pornography production guideline, § 2G2.1, which resulted in a higher total offense level than the child pornography possession guideline would have produced with the § 2G2.2(b)(4) and § 2G2.2(b)(7)(D) enhancements.

The judgments of the district court are affirmed.

_____