# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1173

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Michael Lee Reynard, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: August 13, 2010
Filed: August 19, 2010

_____

Before WOLLMAN, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Michael Reynard appeals the 210-month within-Guidelines-range sentence the district court[1] imposed following his guilty plea to a child pornography charge. Counsel has filed a motion to withdraw, and a brief under Anders v. California, 386 U.S. 738 (1967), conceding that the district court's calculations were proper under the Guidelines, but nevertheless arguing that Reynard's sentence is unreasonable because (1) the district court gave too much weight to certain Guidelines enhancements under U.S.S.G. § 2G2.2, which were not formulated using empirical data, and (2) Reynard's

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

personal characteristics and lack of criminal history warranted a lower sentence under 28 U.S.C. § 3553(a).

Upon careful review, we conclude that the district court did not abuse its discretion in imposing a sentence at the bottom of Reynard's applicable advisory Guidelines range, as there is no indication that the district court overlooked or misapplied a relevant section 3553(a) factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing appropriate factors.  See United States v. Stults, 575 F.3d 834, 849 (8th Cir. 2009) (absent reversible procedural error, appellate court reviews reasonableness of district court's sentence for abuse of discretion); United States v. Haack, 403 F.3d 997, 1003-04 (8th Cir. 2005) (defining ways in which abuse of discretion may occur); see also United States v. Shuler, 598 F.3d 444, 448 (8th Cir. 2010) (appellate role is limited to determining substantive reasonableness of specific sentence where advisory Guidelines range was determined in accordance with § 2G2.2); United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (appellate presumption of reasonableness may be applied to within-Guidelines-range sentence).

Finally, having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issue for appeal.  Accordingly, we grant counsel's motion to withdraw and we affirm the judgment.

_____