# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-3619

———————

United States of America,

        Appellee,

v.

Yahya Muhumed Shakal,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of Minnesota.
\*
\*
\*

———————

Submitted: October 22, 2010
Filed: July 8, 2011

———————

Before LOKEN, SMITH, and COLLOTON, Circuit Judges.

———————

SMITH, Circuit Judge.

Yahya Muhumed Shakal pleaded guilty to four counts of aiding and abetting the preparation of false federal income-tax returns. At sentencing, Shakal argued that his experiences in Somalia during the violent Somali civil war entitled him to a sentence well below the advisory Guidelines range. The district court[1] denied Shakal's request, and sentenced him to a Guidelines sentence of 72 months' imprisonment. Shakal now appeals, urging that the district court's sentence is substantively unreasonable. We affirm.

---

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

## I. *Background*

The facts of this case are undisputed. Shakal, a Somali immigrant, was born in Mogadishu, Somalia, and endured numerous atrocities perpetrated against him and his family during the Somali Civil War of the mid-1990s. In 1996, Shakal escaped to the United States, initially settling in Dallas, Texas, where, in 1999, his wife and children arrived from Somalia to join him. Thereafter, Shakal and his family relocated to Minnesota's Twin Cities area.

In 2003 and 2004, Shakal operated two tax preparation businesses in Minneapolis, Minnesota. Shakal filed over 1,000 federal and state income tax returns, each fraudulently claiming fuel credits to which the taxpayer was not entitled. Shakal thus helped defraud the United States of $2,027,832.

On April 12, 2005, a federal grand jury indicted Shakal on 43 counts of aiding and abetting the preparation of false tax returns, in violation of 26 U.S.C. § 7206(2). The following day, authorities arrested Shakal, who was subsequently released on $25,000 personal recognizance bond. Shakal promptly absconded, and on April 28, 2005, a warrant for his arrest issued.

Shakal remained at large until July 23, 2008, when authorities apprehended him in Canada. In February 2009, Canadian officials extradited Shakal back to the United States. On March 9, 2009, a second grand jury returned a superseding indictment, and on April 15, 2009, Shakal pleaded guilty without a plea agreement to four counts of the indictment.

On October 13, 2009, the district court held a sentencing hearing in Shakal's case. First, the court heard and ruled on objections concerning certain adjustments and enhancements under the Sentencing Guidelines, and Shakal does not appeal these rulings. Next, the court calculated Shakal's sentencing range under the advisory

Guidelines to be 63 to 78 months' imprisonment.[2] Shakal argued that his sentence should be no greater than 48 months based upon his personal history and circumstances as a Somali immigrant supporting a large family.

After considering Shakal's arguments and the government's responses, the court sentenced Shakal to a mid-range Guidelines sentence of 72 months' imprisonment, followed by one year of supervised release. Shakal now appeals this sentence on the ground that it is substantively unreasonable because it gives too much weight to the Guidelines, insufficient weight to his personal circumstances and other § 3553(a) factors, and fails to account for a purported sentencing disparity between Shakal and an individual who allegedly taught Shakal his tax fraud methodology.

## II. *Discussion*

On appeal, Shakal urges this court to vacate the district court's sentence and remand for resentencing on the ground that his 72-month sentence is substantively unreasonable. Specifically, Shakal maintains that a Guidelines sentence in his case is substantively unreasonable because it (1) gives too much weight to the purely advisory Guidelines, (2) gives too little weight to his personal history and circumstances as required by § 3553(a), and (3) fails to account for a purported sentencing disparity existing between Shakal and one of his cohorts in the underlying tax-fraud scheme.

In reviewing Shakal's challenge to the substantive reasonableness of his sentence, we review the trial court's sentencing decision only for abuse of discretion. *United States v. Shuler*, 598 F.3d 444, 447 (8th Cir. 2010). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) considers only the appropriate factors but in weighing those factors commits a

---

[2]Shakal does not challenge the district court's Guidelines computation.

clear error of judgment." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). Moreover, "[a] sentence within the Guidelines range is accorded a presumption of substantive reasonableness on appeal." *United States v. Robinson*, 516 F.3d 716, 717 (8th Cir. 2008). "'Substantive appellate review in sentencing cases is narrow and deferential[,]'" and "'[i]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable.'" *Shuler*, 598 F.3d at 447 (quoting *Feemster*, 572 F.3d at 464).

The record clearly shows that the district court considered Shakal's violent experiences during the Somali Civil War, including witnessing the murder of his father and the rapes of his sisters. Indeed, the district court agreed with Shakal's counsel that Shakal and his family had "been through hell," and conceded that "[t]he real issue is going to be . . . how should that affect his sentence this morning."

Also, the district court considered but rejected Shakal's sentencing-disparity argument. Specifically, Shakal maintained, as he does now, that a "Mr. Mohamed" initially taught Shakal how to fraudulently request the fuel tax credit on tax returns, and that Mohamed received only 18 to 24 months at sentencing (from a different judge). The district court responded to this argument by first acknowledging that it had read through Mohamed's entire file the night before Shakal's sentencing, but ultimately concluded that Mohamed's case differed greatly from Shakal's in that Mohammed's tax scheme cost the United States Government only $44,000, far less than Shakal's $2 million haul.

Prior to its formal pronouncement of Shakal's sentence, the district court fully considered Shakal's history and circumstances, as well as the other § 3553(a) factors, stating among other things:

-4-

My judgment is anything less than 72 months would not promote respect for the law. . . . I don't mean to upset your family or your children, but I believe that is a fair and just sentence in this case. If it wasn't for some of what you have been through, I actually frankly believe that 78 months does not appropriately meet the 3553(a) factors what has been admitted to here. And I believe a sentence of something closer to 90 months would have been appropriate. And I believe for the reason I stated, 72 months will properly reflect—it is far more than most of you think is fair, and I stand by it.

Thus, the district court not only considered Shakal's personal history and circumstances in fashioning a sentence but *reduced* the sentence it would have otherwise assessed Shakal in light thereof. Therefore, the district court did not abuse its discretion in sentencing Shakal to 72 months' imprisonment.

III. *Conclusion*

Accordingly, we affirm.

_____