# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 11-1597

———————

United States of America,               *
                                            *

         Plaintiff – Appellee,     *
                                            *   Appeal from the United States

    v.                         *   District Court for the
                                            *   Northern District of Iowa.

Travis Matthew,               *
                                            *   [UNPUBLISHED]

         Defendant – Appellant.   *

———————

Submitted: November 14, 2011
Filed: November 25, 2011

———————

Before RILEY, Chief Judge, BEAM and BYE, Circuit Judges.

———————

PER CURIAM.

Travis Matthew pleaded guilty to receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1) and was sentenced by the district court[1] to 240 months' imprisonment and 10 years' supervised release. On appeal, Matthew argues his sentence was substantively unreasonable and the inclusion in the presentence investigation report (PSR) of victim impact statements from the mother and stepfather of a child pornography victim constituted error. We affirm.

———————

[1] The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

We review the substantive reasonableness of Matthew's sentence under a deferential abuse-of-discretion standard. United States v. Miller, 646 F.3d 1128, 1133 (8th Cir. 2011). "'A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'" United States v. Shakal, 644 F.3d 642, 645 (8th Cir. 2011) (quoting United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc)). "A district court is not required to mechanically recite the 18 U.S.C. § 3553(a) factors, but it must be clear from the record that the district court actually considered the factors in fashioning a sentence." United States v. Farmer, 647 F.3d 1175, 1179 (8th Cir. 2011).

Matthew contends the district court failed to give appropriate weight to the § 3553(a) factors. He points to his tumultuous upbringing and the influence his father and co-defendant, David Matthew, had on his involvement in this case. According to Matthew, he was in need of treatment, not incarceration, as demonstrated by an independent psycho-sexual evaluation conducted by a psychologist.

The record demonstrates the district court properly considered the § 3553(a) factors. United States v. Hull, 646 F.3d 583, 588 (8th Cir. 2011). Specifically, the court found Matthew "need[ed] to be off the street," serve time as punishment, and undergo sex-offender treatment. After considering Matthew's mitigating arguments, the court concluded a downward departure or variance was not appropriate, citing the seriousness of his production of child pornography in his home. See Miller, 646 F.3d at 1134 ("The district court was well aware of [the defendant's] arguments regarding these allegedly mitigating factors and apparently gave them little weight."); United States v. Reynolds, 643 F.3d 1130, 1136 (8th Cir. 2011) ("The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence.") (internal quotation marks and citation omitted); United States v. Wisecarver, 644 F.3d 764, 774 (8th Cir.

2011) (noting we presume the district court considered and rejected the defendant's arguments after they were presented at sentencing). Finally, we note the court's sentence, although set at the statutory maximum of 240 months, was significantly lower than Matthew's Guidelines range of 262 to 327 months. See United States v. Lazarski, 560 F.3d 731, 733 (8th Cir. 2009) ("Here, because the bottom of [the defendant's] advisory guidelines range is above the 120-month statutory maximum, 'the statutory maximum sentence is presumed reasonable.'") (quoting United States v. Shafer, 438 F.3d 1225, 1227 (8th Cir. 2006)). Under these circumstances, we conclude the district court did not impose a substantively unreasonable sentence.

Matthew next argues the court erred in considering statements included in the PSR from the mother and stepfather of a child pornography victim. He asserts the victim is now of legal age, and thus the parents may not assume her rights as a victim under 18 U.S.C. § 3771(e). We reject this argument. As an initial matter, the Crime Victims' Rights Act explicitly states defendants "may not obtain any form of relief under this chapter." 18 U.S.C. § 3771(d)(1). Moreover, we have recognized, "in sentencing, a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, *or the source from which it may come* . . . ." United States v. Straw, 616 F.3d 737, 741 (8th Cir. 2010) (internal quotation marks and citation omitted) (emphasis in original). Ultimately, even if we were to conclude the district court could not consider the challenged statements, the record shows it did not consider the statements after Matthew objected to these portions of the PSR. See Sent. Tr. at 33 ("I have considered the nature and circumstances of the offense and the history and characteristics of the defendant. [The probation officer] has done an excellent job of presenting that information, *and the uncontested portions are valuable*, as well as the evidence that has been presented in court by way of exhibit and testimony.") (emphasis added).

We affirm.

_____