BYE, Circuit Judge,
dissenting.
Not too long ago the Supreme Court observed: “In sentencing, as in other areas, district judges at times make mistakes that are substantive. At times, they will impose sentences that are unreasonable. Circuit courts exist to correct such mistakes when they occur.” Rita v. United States, 551 U.S. 338, 354, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). The district court here varied upward from the 0 to 6 months Guideline range and sentenced Richart to 120 months’ imprisonment — the statutory maximum — for making, and conspiring to make, false statements to an FBI agent. The district court’s 120-month sentence is the type of mistake we ought to correct, and by holding the sentence substantively reasonable, the majority today abandons “ ‘the post that we have been ordered to hold in sentencing review and the responsibility that goes with it.’ ” United States v. Kane, 639 F.3d 1121, 1136 (8th Cir.2011) *1058 (quoting United States v. Irey, 612 F.3d 1160, 1225 (11th Cir.2010) (en banc)). Therefore, I respectfully dissent.
While addressing a substantive reasonableness challenge, we consider the totality of the circumstances and review the sentencing court’s decision for an abuse of discretion. United States v. Reynolds, 643 F.3d 1130, 1136 (8th Cir.2011). A sentencing court abuses its discretion if it: “ ‘(1) fails to consider a relevant factor that should have received significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment.’ ” United States v. Shakal, 644 F.3d 642, 645 (8th Cir.2011) (quoting United States v. Feemster, 572 F.3d 455, 461 (8th Cir.2009) (en banc)). In other words, “ ‘substantive review exists, in substantial part, to correct sentences that are based on unreasonable weighing decisions.’ ” Kane, 639 at 1136 (quoting Irey, 612 F.3d at 1193-94 (collecting cases)). Based on the record before us, I would conclude the district court’s 120-month sentence is the product of unreasonable weighing decisions and is, therefore, substantively unreasonable.
The record demonstrates the district court’s decision to vary upward from the 0 to 6 months Guideline range, and impose a 120-month sentence, rested largely, if not exclusively, on the court’s desire to correct what it perceived to be an inadequate state sentence for Richart’s second-degree murder conviction. Specifically, the court gave significant weight to the nature of Richart’s state conviction, the length of her state sentence, and the uncertain amount of time she would actually serve in state prison. The court observed:
[T]his is a fair sentence under the circumstances, and I am finding that because, first of all, I don’t know how much time she will actually do in state custody. I just don’t know. And I find that she murdered her niece and that a zero-to-six month sentence is far, far too inadequate for such a brutal offense. And she also — and I know that she is not being sentenced for that offense. She is being sentenced for lying about it, but one reason that she was able to go for so long without being detected is that she did.
And she got a 30-year sentence, and I don’t know — and, again, I don’t know how much of that time she will actually serve. And I believe that she could have — I don’t know. This is speculation, I admit. But had she not lied about what happened to this child and had not been successful in covering it up so many years what had happened, she might have even been convicted of a far more serious offense.
She has received a 360-month [state-court] sentence, and I am considering that. And I don’t know how much of that time she will serve in Arkansas. And I don’t think, what she did, a 360-month sentence is really adequate because she lied and she covered it up and it worked for years and she caused a lot of harm. And I find that this is punishment that she deserves, and it also sends a message to deter others from committing similar offenses.
Sentencing Tr. at 36-37, 39-41.
Read in isolation, the district court’s last statement may suggest Richart’s sentence was necessary “to provide just punishment” and “to afford adequate deterrence to criminal conduct.” See 18 U.S.C. § 3553(a)(2)(A)-(B). Having reviewed the entire record, however, I am unconvinced the district court meant “just punishment” for making, and conspiring to make, false *1059 statements to an FBI agent when it described Richart’s 120-month sentence as the “punishment that she deserves.” Rather, I am of the opinion the court imposed the sentence it did to supplant what it perceived to be an inadequate state sentence for a second-degree murder. But Richart was before the district court awaiting sentencing for her federal offenses. She was not before the court to be sentenced, for the second time, for her state conviction. Accordingly, by fixating on its perceived inadequacy of Richart’s state sentence — a factor not listed in section 3553(a) — the district court gave significant weight to an improper factor and, thus, abused its discretion. See United States v. Walters, 643 F.3d 1077, 1079 (8th Cir.2011) (stating a district court abuses its discretion if it gives significant weight to an improper factor); see also United States v. Green, 436 F.3d 449, 456-57 (4th Cir.2006) (recognizing a sentencing court’s decision to depart from the Guideline range must be based on the factors listed in section 3553(a)). Moreover, even if the district court properly considered the state conviction under the guise of “the nature, circumstances, and seriousness of Richart’s offense,” see ante 1053 (citing 18 U.S.C. § 3553(a)(1), (2)(A)), I would still conclude the court engaged in the type of unreasonable weighing we ought not tolerate by giving the state conviction and sentence too much weight. See, e.g., United States v. Givens, 443 F.3d 642, 646 (8th Cir.2006) (holding a sentence unreasonable where the sentencing court gave “too much weight” to the defendant’s “history and characteristics” and gave “not enough [weight] to the other portions of section 3553(a)”).
It is our responsibility to correct sentencing mistakes when they occur. Rita, 551 U.S. at 354, 127 S.Ct. 2456; see also Kane, 639 F.3d at 1136 (“If anything remains of substantive reasonableness review in the court of appeals, our court cannot ignore its duty to correct the weighing errors in this case.”). Because under the totality of the circumstances and on the record before us I would find Richart’s 120-month sentence substantively unreasonable, I would vacate the sentence and remand for resentencing.