# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2183

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Billy Durando Baynes, also known | * | |
| as Billy Durand Baynes, also known | * | [UNPUBLISHED] |
| as Kid, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: February 13, 2012
Filed: April 4, 2012

_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Billy Durando Baynes pled guilty to one count of interstate transportation of an individual for purposes of prostitution, in violation of 18 U.S.C. § 2421. The district court[1] varied below the 110-120 month advisory Sentencing Guidelines range and sentenced Baynes to 96 months imprisonment. Baynes appeals, arguing that his sentence is substantively unreasonable. We affirm.

_____

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

In support of his appeal, Baynes claims that the district court abused its discretion in imposing the sentence because the sentence is greater than necessary to accomplish the goals and objectives of sentencing and because the district court failed to give sufficient weight to Baynes's post-offense conduct of assisting the government.

We review the substantive reasonableness of Baynes's sentence under a deferential abuse-of-discretion standard. United States v. Miller, 646 F.3d 1128, 1133 (8th Cir. 2011). "'A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'" United States v. Shakal, 644 F.3d 642, 645 (8th Cir. 2011) (quoting United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc)).

Our review of the record persuades us that the district court carefully considered the relevant 18 U.S.C. § 3553(a) factors, gave proper weight to the factors, and arrived at a substantively reasonable sentence. Although Baynes now claims that his category VI criminal history was not so significant because the "last serious felony offense was 14 years prior to the offense of conviction," the district court specifically noted his criminal history, recognizing that Baynes had done "pretty bad things." Also, Baynes argues that the offense conduct was not so severe because he was not the person who introduced the minor to prostitution, he had helped the minor get away from a violent pimp, and although he had taken the minor to Chicago for prostitution, they were not successful in locating clients for the minor. The district court also addressed this contention, noting that while Baynes had helped the minor escape a more violent pimp, Baynes had also prostituted the minor in the Minneapolis area and attempted to prostitute her in Chicago.

The district court also varied below the advisory Guidelines range in response to the post-offense assistance Baynes provided to the government. Baynes assisted the government with information about others involved in juvenile trafficking and prostitution. In imposing the 96-month sentence, the district court stated that, had Baynes not provide the assistance he did after his arrest, the court would have sentenced him to the statutory maximum of 120 months imprisonment instead. Where, as here, the district court imposes a below-Guidelines sentence, "it is nearly inconceivable that the court abused its discretion in not varying downward still further." United States v. Lazarski, 560 F.3d 731, 733 (8th Cir. 2009). The sentence is not made unreasonable by the district court's refusal to go along with the 60-month sentence proposed by Baynes. See United States v. Statman, 604 F.3d 529, 535 (8th Cir. 2010). In the absence of any evidence suggesting abuse of discretion, we affirm the district court's judgment.

We affirm.

_____