# United States Court of Appeals
## For the Eighth Circuit

_____

No. 11-3830
_____

United States of America

*Appellee*

v.

Willie V. Jones

*Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 19, 2012
Filed: November 6, 2012

_____

Before LOKEN and SHEPHERD, Circuit Judges, and GERRARD,[1] District Judge.

_____

SHEPHERD, Circuit Judge.

Willie V. Jones pled guilty to possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). After

_____

[1]The Honorable John M. Gerrard, United States District Judge for the District of Nebraska, sitting by designation.

entering his plea, Jones moved to withdraw the plea, arguing his counsel had given him inadequate information about the Sentencing Guidelines. The district court[2] denied the motion to withdraw. Over Jones's objections, the court applied the career offender provisions of the Sentencing Guidelines and sentenced Jones to consecutive terms of 200 months for the drug charge and 60 months for the firearm charge, resulting in a 260-month total sentence. Jones now appeals his sentence. In a pro se supplemental brief, he also challenges the district court's denial of his motion to withdraw his plea. We affirm.

I.

While investigating an unrelated crime in 1997, the Federal Bureau of Investigation learned through a confidential informant that Jones admitted to his involvement in a July 25, 1997 robbery and shooting at a rock quarry in Johnson County, Kansas. In September 1997, the same informant contacted FBI agents and told them that Jones was selling rifles and silencers. The informant participated in a controlled buy of a rifle and silencer from Jones on September 30, 1997.

On December 1, 1997, Jones was arrested and charged in Johnson County, Kansas District Court with two counts of robbery and one count of aggravated assault for the rock quarry incident. On April 2, 1998, he was arrested and charged in the Western District of Missouri with several federal firearms violations related to the possession and sale of the rifle and silencer to the confidential informant.

On August 27, 1998, a Missouri federal jury convicted Jones of all firearms-related counts. The district court sentenced him to 41 months imprisonment. In March 2000, Jones faced trial in Kansas state court for the robbery and shooting

___

[2]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

charges. After a jury convicted him of all counts, the state court sentenced him to 77, 55, and 13 months to be served concurrently to each other but consecutive to his federal sentence. Jones was incarcerated on and off from August 1998 through November 2009. During this time, he would occasionally be released from custody on bond or supervised release but would later have the bond or supervised release revoked due to violations.

In October 19, 2010, the United States charged Jones with two counts of firearm violations and three counts of drug violations. Jones entered a guilty plea to two of the counts—possession with intent to distribute heroin and possession of a firearm in furtherance of a drug trafficking crime. The probation office prepared a presentence report (PSR). The PSR recommended that Jones be sentenced as a career offender under United States Sentencing Commission, Guidelines Manual, §4B1.1(c)(2) because he had two prior crimes of violence—the federal firearms conviction and the state robbery and shooting convictions. Jones objected, arguing that the two crimes should be counted as a single offense for criminal history and enhancement purposes. The district court overruled this objection, holding that the career offender enhancement was applicable. With the career offender enhancement, Jones's Guidelines range was 262 to 327 months imprisonment. The court varied downward slightly, imposing consecutive terms of 200 months for the heroin conviction and 60 months for the firearm conviction, for a total sentence of 260 months imprisonment.

Jones appeals his sentence, arguing that the district court should not have applied the career offender enhancement and that his sentence is substantively unreasonable. Jones has also submitted pro se filings arguing he should have been permitted to withdraw his plea.

II.

First, we address the district court's imposition of the career offender enhancement, an issue we review de novo. See United States v. Eason, 643 F.3d 622, 623 (8th Cir. 2011), cert. denied, 132 S. Ct. 1053 (2012). Persons who are convicted of a crime of violence or a controlled substance offense and who have two prior felony convictions for such crimes are sentenced as "career offenders." U.S.S.G. §4B1.1. Prior felony convictions are always counted separately for career offender purposes if sentences were imposed for offenses that were separated by an intervening arrest; if there was no intervening arrest, prior sentences are nonetheless counted separately unless the sentences "resulted from offenses contained in the same charging instrument" or "were imposed on the same day." U.S.S.G. §4A1.2(a)(2); see United States v. Crippen, 627 F.3d 1056, 1066 (8th Cir. 2010), cert. denied, 131 S. Ct. 2914 (2011). The government concedes that there was no intervening arrest between the two prior offenses. Therefore, we consider whether Jones's prior sentences "resulted from offenses contained in the same charging instrument" or "were imposed on the same day."

Jones argues that although his two prior convictions were prosecuted in different jurisdictions—Kansas state court and Missouri federal court—and although he was sentenced on different days, the district court should have considered the offenses as a single sentence because the offenses were "inextricably intertwined" and part of a single, ongoing offense. Essentially, Jones contends that this court should ignore the fact that the two prior offenses were charged in different jurisdictions, and thus brought in separate charging instruments, and the fact that the prior sentences were imposed on separate days. Such an approach would ignore the clear instruction from section 4A1.2(a)(2). Accordingly, the district court properly determined that the prior sentences were "separate" for purposes of section 4B1.1.

Next, Jones argues that his 260-month sentence, which included a two-month downward variance from his Sentencing Guidelines range, was substantively unreasonable. We review the substantive reasonableness of a sentence under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). "'A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'" United States v. Shakal, 644 F.3d 642, 645 (8th Cir. 2011) (quoting United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc)).

Jones argues his sentence is substantively unreasonable because (1) application of the career offender enhancement resulted in a sentence that was disproportionate to Jones's history and characteristics; (2) although Jones pled guilty to a firearm offense, he was never observed handling a firearm or otherwise involved in any violent activity; (3) a lower sentence, in line with what his Guidelines range would have been absent the career offender enhancement, would reflect the seriousness of the offense, promote respect for the law, and serve as a deterrent; and (4) at the age of 47, Jones would be unlikely to commit further crimes if released in seven to eight years, therefore making the over-20-years sentence he received excessive.

Jones does not argue that the district court weighed an irrelevant factor or failed to consider a relevant factor. Instead, he argues that the court "commit[ted] a clear error in judgment" when weighing the sentencing factors. At sentencing, Jones argued these same issues to the district court. After hearing Jones's arguments, the district court determined that, under 18 U.S.C. § 3553(a), only a two-month downward variance was warranted. The court conducted a thorough review of Jones's criminal activities and various periods of imprisonment, explaining that the Category VI criminal history "is not out of line for this individual" and noting that "[t]wo and a half years is about his best run before he gets in trouble again." We read Jones's

arguments on appeal to be that the downward variance was not substantial enough. When the district court varies downward and imposes a below-Guidelines sentence, as it did in this case, "it is nearly inconceivable that the court abused its discretion in not varying downward still further." United States v. Lazarski, 560 F.3d 731, 733 (8th Cir. 2009). We do not find the two-month downward variance in this case to be an abuse of the district court's discretion.

Finally, Jones has submitted several pro se supplemental filings for consideration by this panel. In addition to the issues discussed above, Jones argues in his pro se filings that he should have been permitted to withdraw his guilty plea because, at the time he entered the plea, his attorney failed to explain the possible impact of the career criminal enhancement or that Jones could receive a separate 60-month sentence for the possession of a firearm. Generally, it is Eighth Circuit policy not to address issues raised by a defendant in pro se filings with this Court when he is represented by counsel. United States v. Halverson, 973 F.2d 1415, 1417 (8th Cir. 1992) (per curiam). Nevertheless, we have examined his pro se supplemental brief and other pro se filings, and we find his additional arguments meritless. At the change-of-plea hearing, the government stated that the possession with intent to distribute heroin charge carried a maximum sentence of 20 years and that the firearm possession charge had a range of not less than 5 years and not more than life imprisonment. The district court specifically asked Jones if he understood those possible sentences, and Jones answered affirmatively before entering his guilty plea. Accordingly, Jones has failed to show that his counsel's performance was deficient, and the district court did not abuse its discretion in denying Jones's request to withdraw his plea. See United States v. Cruz, 643 F.3d 639, 641-42 (8th Cir. 2011).

III.

We affirm Jones's conviction and sentence.

_____