**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

**No. 12-3963**
_____

UNITED STATES OF AMERICA

v.

JAMES EDWARD PENDER,
AKA, Jabbar Pender

James Edward Pender,

Appellant

On Appeal from the United States District Court
for the District of New Jersey
(District Court No.: 2-11-cr-00447)
District Judge: Honorable William H. Walls

Submitted under Third Circuit LAR 34.1(a)
on September 12, 2013

(Filed: September 27, 2013)

BEFORE: RENDELL, JORDAN, and GREENAWAY, JR., <u>Circuit Judges</u>

O P I N I O N

RENDELL, Circuit Judge:

On June 5, 2012, Appellant James Edward Pender[1] pleaded guilty to one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 21 U.S.C. § 846. The District Court sentenced Pender to 292 months' imprisonment on October 2, 2012. Pender challenges that sentence. For the reasons discussed below, we will affirm the sentence imposed by the District Court.

I. Background

On June 23, 2011, Pender was charged with conspiracy to distribute and possession with intent to distribute more than one kilogram of heroin. Pender executed a written plea agreement in which he agreed to plead guilty to one count of the indictment. The District Court accepted the guilty plea on June 5, 2012.

In preparation for sentencing, the United States Probation Office prepared a final Presentence Investigation Report ("PSR"). The PSR calculated Pender's total offense level as 35:

- A base offense level of 34 because the offense involved at least 3 kilograms, but fewer than 10 kilograms, of heroin, pursuant to U.S.S.G. § 2D1.1(c)(3);

---

[1] Pender had his name legally changed to "Jabbar Pender." The District Court filed an amended judgment of conviction on December 15, 2012, reflecting Pender's legal name.

- A four-level adjustment because Pender was an organizer or leader of a criminal activity that involved five or more participants, pursuant to U.S.S.G. § 3B1.1(a); and

- A three-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1.

The PSR classified Pender as a "career offender" pursuant to U.S.S.G. § 4B1.1 based on two predicate violent felonies. The PSR described how Pender participated as the getaway driver in an armed bank robbery in 1993. After the armed robbery took place in New York, Pender and his cohorts participated in a 30-mile car chase and shootout with police that ended in New Jersey.

As a result of his participation in the 1993 bank robbery, Pender was sentenced on April 15, 1994, in the Southern District of New York, to a term of 111 months' imprisonment and a 5-year term of supervised release for bank robbery, armed bank robbery, conspiracy to commit armed bank robbery, and use of a firearm during a crime of violence. Then, on March 30, 1995, Pender was sentenced in the State of New York for criminal possession of a weapon for his participation in the car chase and shootout in New York. Finally, on July 24, 1996, Pender was sentenced in the State of New Jersey for aggravated assault, aggravated assault with a weapon, possession of a weapon, and eluding, for his participation in the car chase and shootout in New Jersey. In calculating Pender's criminal history, the PSR counted each of these convictions as separate. Additionally, the PSR determined that the federal armed bank robbery conviction in the Southern District of New York and the New Jersey aggravated assault conviction were

3

predicate convictions for the career offender enhancement pursuant to U.S.S.G. § 4B1.1(b).

The District Court conducted a sentencing hearing on October 2, 2012, during which Pender challenged his designation as a career offender, urging the District Court to treat his convictions as "related" and not "separate," and argued that low recidivism rates counseled towards a reduced sentence. Ultimately, the District Court concluded that the career offender designation was applicable, noting that the bank robbery and subsequent shootout constituted two separate offenses. The District Court calculated an Offense Level of 35 and a Criminal History Category of VI, which resulted in a Guidelines range of 292 to 365 months. The District Court then sentenced Pender to 292 months' incarceration and five years of supervised release, as well as 6 months' imprisonment, to be served concurrently, for his violation of supervised release.

Pender's challenge to his sentence is currently before us.

II.  Jurisdiction and Standard of Review

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

We review a district court's sentence for abuse of discretion in two stages. First, we review for procedural error—for example, failing to correctly compute the Guidelines range. *United States v. Wright*, 642 F.3d 148, 152 (3d Cir. 2011). We exercise plenary review over a district court's interpretation and application of the Guidelines, although "we review determinations of fact for clear error, and . . . give due deference to a district

4

court's application of the Guidelines to the facts." *United States v. Zabielski*, 711 F.3d 381, 386 (3d Cir. 2013) (citation and internal quotation marks omitted).

"If there is no procedural error, the second stage of our review is for substantive reasonableness, and 'we will affirm [the sentence] unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided.'" *Wright*, 642 F.3d at 152 (alteration in original) (quoting *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009)).

### III.  Discussion

Pender raises two issues on appeal: (1) that the District Court committed a procedural error by improperly characterizing him as a "career offender" for purposes of the Sentencing Guidelines; and (2) that the District Court's sentence was substantively unreasonable.

### A.  Career Offender

Pender argues that the District Court erroneously concluded that he was a "career offender" within the meaning of the Guidelines because his predicate convictions should have been counted as one conviction, not two.  Under the Sentencing Guidelines:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).  To determine whether to treat prior convictions as separate, the Guidelines state: "If there is no intervening arrest, prior sentences are counted separately

5

unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day."[2] U.S.S.G. § 4A1.2(a)(2).

In this case, where there was no intervening arrest, Pender was charged in two separate indictments and sentenced on two different days. The language of the Guidelines is unambiguous: § 4A1.2(a)(2) mandates that Pender's prior convictions be treated as separate. Pender recognizes as much in his brief. Indeed, he does not dispute that § 4A1.2(a)(2) applies—rather, he argues that "[i]t is not fair that crossing over an arbitrary [state] line should have such severe repercussions as Pender has experienced in this case." (Appellant's Br. at 11.) Pender's approach would ignore the plain language of the text, however, which we refuse to do. *See United States v. Jones*, 698 F.3d 1048, 1050-51 (8th Cir. 2012) (refusing to treat "inextricably intertwined" offenses as a single sentence because they were prosecuted in different jurisdictions and sentenced on different days).

Accordingly, we will not disturb the District Court's determination that Pender is a career offender.

## B. Sentence

---

[2] This language was added to the Guidelines in 2007 by Amendment 709. Prior to the amendment, the Guidelines specified that to determine whether a defendant was a career offender, prior felony convictions were to be counted separately unless they were "related." Under that framework, "prior sentences [were] considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing." U.S.S.G. App. C, vol. III, at 236. Amendment 709 removed the concept of "related" cases.

Pender also argues that his 292-month sentence is substantively unreasonable because it is greater than necessary in light of his low possibility of recidivism. Given that the District Court's sentence was procedurally sound, we will affirm it "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Tomko*, 562 F.3d at 568. "Ultimately, the touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C.§ 3553(a) . . . [, which] gives district courts broad latitude in sentencing." *Id.* (internal citations and quotation marks omitted).

Looking at the record before us, it is clear that the District Court was guided by the 18 U.S.C. § 3553(a) factors. The District Court considered recidivism among those factors, although it was "not one of the prime factors." (App. 32.) The fact that the District Court treated recidivism as a lesser factor than Pender would have does not make it an abuse of discretion, however. Moreover, the District Court carefully considered Pender's conduct, his attitude, the scope of the criminal enterprise, the particular facts of the crime, and Pender's background. Having considered the § 3553(a) factors and Pender's arguments, the District Court sentenced Pender to the bottom of the advisory Guidelines range. *Cf. United States v. Cooper*, 437 F.3d 324, 332 (3d Cir. 2006) ("A sentence that falls within the guidelines range is more likely to be reasonable than one outside the guidelines range."). Based on the record, we cannot say that "no reasonable sentencing court would have imposed the same sentence on that particular defendant for

the reasons the district court provided." *Tomko*, 562 F.3d at 568.  Thus, the District Court did not abuse its discretion in sentencing Pender.

## IV.  Conclusion

For the foregoing reasons, we will affirm the sentence of the District Court.