OPINION ***
FISHER, Circuit Judge.
Mark Marcoccia was arrested for conspiring to distribute a controlled substance analogue. He pleaded guilty and received a sentencing enhancement for being a career offender under Section 4B1.1 of the United States Sentencing Guidelines. Arguing that the District Court erred by designating him a career offender and not substantially departing downward, he appeals the court imposed sentence and final judgment. For the reasons that follow, we will affirm.[1]
I.
For two years, Appellant Mark Marcoc-cia conspired with Justin Johnson to distribute a controlled substance analogue known as “bath salts,” and to conceal and spend the proceeds from the sale of that illegal substance. Johnson managed the distribution of the drugs—he identified a steady source of supply for bath salts and generated revenue from internet sales of the substance. Marcoccia managed the finances—he provided cash to purchase additional quantities of bath salts, and concealed the source of the drug revenue by making structured bank deposits and several large purchases.
On December 1, 2015, Marcoccia was charged with one count of conspiracy to distribute controlled substances under 21 U.S.C. § 846. He pleaded guilty and the United States’ Attorney’s Office stipulated that his base offense level was fourteen with a two-point reduction for acceptance of responsibility. It noted, however, that none of these stipulations were binding on the United States Probation Office.
On March 23, 2016, the Probation Office issued its presentence investigation report (“PSR”). The PSR designated Marcoccia as a career offender based on two prior felony convictions. The first conviction was a state felony conviction for possession of methamphetamine and the second conviction was a federal felony conviction for conspiracy to possess with intent to distribute in excess of 50 grams of methamphetamine. In the state case, he was charged in 2003 and sentenced on April 8, 2004. In the federal case, he was charged in 2005 and sentenced on May 16, 2007.
As a result of the career offender enhancement, Marcoccia’s sentencing range increased dramatically.[2] Accordingly, he objected to the career offender status, claiming that it should not apply to him and requested either a downward variance or a downward departure. On June 1,2016, the District Court considered Maroccia’s *140 arguments at his sentencing hearing. First, it concluded that the career offender enhancement applied to Marcoccia under the plain text of the guidelines. Second, it stated that the guidelines range was too high, that the appropriate way to reduce Marcoccia’s sentence was through a variance, and that there were no motions for departure. Third, it agreed that a variance was warranted for several reasons, including that the sentencing disparity between Marcoccia and his co-conspirator was too high. Ultimately,'the District Court granted a substantial variance and entered judgment, imposing a sentence of 96 months’ imprisonment followed by four years’ supervised release. This appeal followed.
II.
The District Court had subject matter jurisdiction over this case pursuant to 18 U.S.C. § 3231, and this Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We “exercise plenary review over a district court’s interpretation of the Guidelines” and “review factual findings relevant to the Guidelines for clear error.” United States v. Grier, 475 F.3d 556, 570 (3d Cir. 2007) (en banc). We review a District Court’s sentencing decisions for both “procedural and substantive reasonableness” applying an “abuse-of-discretion standard.” United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009) (en banc).
III.
On appeal, Marcoccia raises three primary issues. First, he argues that the District Court erred in designating him as a career offender. Second, he argues that the District Court erred in not giving him a proper downward departure. Third, he argues that his sentence was not substantively reasonable. We consider each argument, in turn, and will affirm for the reasons stated below.
A.
Under Section 4Bl.l(a) of the United States Sentencing Guidelines Manual “[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is ... a controlled substance offense; and (3) the defendant has at least two prior felony convictions of ... a controlled substance offense,” To determine whether to treat prior convictions as separate, the Guidelines state:
Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; •or (B) the sentences were imposed on the same day.
United States Sentencing Guidelines Manual (“U.S.S.G.”) § 4A1.2(a)(2). On appeal, Marcoccia argues that the District Court improperly applied this enhancement because his two prior felonies should be treated as one conviction and because he is not the recidivist criminal that the enhancement was meant to target. .
We disagree. Whether or not there was an intervening arrest in this case,[3] and *141 whether or not Marcoccia was the recidivist felon that the career offender guideline was meant to target, because his state and federal felonies were sentenced on different days and charged in different instruments, the unambiguous text of the guidelines precludes his argument that his two prior felonies should be treated as one conviction,. See U.S.S.G. § 4A1.2(a)(2); United States v. Brown, 578 F.3d 221, 227 (3d Cir. 2009) (“When construing the Guidelines, we look first to the plain language, and where that is unambiguous we need look no further.”) (citation omitted); United States v. Jones, 698 F.3d 1048, 1050-51 (8th Cir. 2012) (rejecting argument that two prior convictions prosecuted in different jurisdictions and sentenced on different days should be considered “a single sentence because the offenses were ‘inextricably intertwined’” as “[s]uch an approach would ignore the clear instruction from section 4A1.2(a)(2).”). Accordingly, because Marcoccia has two prior felony convictions, and because Marcoccia does not dispute that he meets the other requirements of U.S.S.G. § 4Bl.l(a), the District Court properly concluded that he qualifies for the career offender enhancement under the plain text of the guidelines.
B. t
“After Booker, a district court must undertake a three-step process in imposing a sentence: (1) calculate the applicable Guidelines range, (2) formally rule on any departure motions, and (3) exercise its discretion in applying the factors set forth in 18 U.S.C. § 3553(a).” United States v. Grier, 585 F.3d 138, 141-42 (3d Cir. 2009). Consequently, after the District Court calculates the applicable guidelines range, it “must formally rule on the motions of both parties and state on the record whether [it is] granting a departure and how that departure affects the Guidelines calculation.” United States v. Lofink, 564 F.3d 232, 237-38 (3d Cir. 2009) (quoting United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006). On appeal, Marcoccia argues that the District Court procedurally erred by failing to perform this second step and not .considering the appropriateness of downward departures.
We disagree. First, this Court may “infer ...' from the District Court’s actions” in this case that “[it] did use its discretion to deny the request for a downward departure, choosing instead to grant a ... variance.” United States v. Handerhan, 739 F.3d 114, 121-22 (3d Cir. 2014) (internal quotation marks omitted).[4] Under our pri- or cases, we lack jurisdiction to review that discretionary decision. See Grier, 585 F.3d at 141 (“We cannot ... review a district court’s refusal to grant a downward departure ... unless the record reflects that the district court was not aware of or did not understand its discretion to make such a departure.”) (internal quotation marks omitted); United States v. Jackson, 467 F.3d 834, 839 (3d Cir. 2006) (“We ... have no authority to review discretionary deni- *142 ais of departure motions in calculating sentencing ranges.”).
Second, the District Court went on to state that there were “no motions for departure,” and, when it made that statement, Marcoccia did not object, limiting our review for plain error under Federal Rule of Criminal Procedure 52(b).[5] Under plain error review, Marcoccia must show that the District Court committed a “clear or obvious” error that “affected the appellant’s substantial rights” by raising “a reasonable probability that the error affected the outcome of the proceedings.” United States v. Calabretta, 881 F.3d 128, 132 (3d Cir. 2016). If he meets that test, he must then show that the error “seriously affect[s] the fairness, integrity or public reputation of judicial proceedings” before we may exercise our discretion to remedy it. Id. (quoting United States v. Olano, 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)).
Here, we are satisfied that even if the Court engaged in procedural error by stating that there were no requests for downward departures, that error was harmless and does not require remand for resentencing. Because the District Court’s stated intention was to use its discretion to lower Marcoccia’s sentence through a downward variance rather than a downward departure, we cannot say the District Court’s failure to note that Marcoccia requested departures “affect[ed] the district court’s selection of the sentence imposed” as is required for a non-constitutional error to require remand for resentencing. Brown, 578 F.3d at 226 (internal quotation marks omitted). Moreover, “[gjiven the district court’s reliance on the § 3553(a) factors and the substantial discrepancy between the sentence imposed and the calculated Guidelines range,” United States v. Zabielski, 711 F.3d 381, 388 (3d Cir. 2013), we believe this is one of those rare cases where “a district court may choose to disregard the Guidelines as too severe in such a way that we can be certain that the miscalculation had no effect on the sentence imposed.” United States v. Langford, 516 F.3d 205, 218 (3d Cir. 2008).
C.
Finally, Marcoccia argues that his sentence was not substantively reasonable. For substantive reasonableness, we “give[] district courts broad latitude in sentencing,” United States v. Levinson, 543 F.3d 190, 195 (3d Cir. 2008),[6] and the pertinent inquiry “is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a).” Tomko, 562 F.3d at 568 (internal quotation marks omitted). “[I]f the district court’s sentence is proee-durally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided.” Id.
Here, we conclude that Marcoccia’s 96-month sentence—which was 55-months lower than the bottom end of his properly calculated advisory guidelines range—was substantively reasonable. First, the District Court appropriately considered all the factors present in § 3553(a), including: (1) “the seriousness of the offense”; (2) the *143 need “to afford adequate deterrence”; (3) “promotion of] respect for the law”; (4) “the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct”; (5) “the history and characteristics of the defendant”; and (6) policies prescribed by the sentencing commission. 18 U.S.C. § 3553(a)(l)-(7); J.A. 104-OS.
Second, “[t]he record makes clear that the sentencing judge listened to each argument” and “considered the supporting evidence,”[7] and this Court cannot find that the District Court abused its discretion in finding those arguments insufficient to warrant a lower sentence. Rita v. United States, 551 U.S. 338, 358, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). While Marcoccia may not have been directly involved in distributing drugs, the District Court did not err in finding the nature of this offense serious when he was integrally involved in this scheme for two years, funded drug purchases, and made a series of structured deposits to conceal the drug proceeds. Likewise, while there is a disparity among the sentences in this case, it was not an abuse of discretion for the District Court to conclude that the disparity that ultimately resulted was warranted based on Marcoccia’s career offender status and five prior convictions—four of which related to the possession, distribution, and manufacture of methamphetamines.[8]
Finally, the District Court did not ignore Marcoccia’s arguments that the career offender enhancement had a draconian effect on his sentence—instead it granted a substantial variance to ensure that Marcoc-cia’s sentence appropriately balanced the considerations specified in 18 U.S.C. § 3553(a). Where we could have applied a presumption of reasonableness had the District Court handed down a much higher sentence that fell within his Guidelines range, see Rita, 551 U.S. at 347, 127 S.Ct. 2456, Marcoccia simply has not met his burden to demonstrate that the District Court acted unreasonably by imposing only a 55-month downward variance.
IV.
For the reasons set forth above, we will affirm.

 This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

. At the outset, we wish to thank the Federal Public Defender for its responsiveness to the Court's request for a submission of amicus briefing in this case.

. Without it, his offense level was twelve and his criminal history category was five, resulting in a guideline range of 27-33 months. With it, his offense level was twenty nine and his criminal history category was six, resulting in a guideline range of 151-188 months.

. As relevant to this question, the record shows that Marcoccia's prior federal case lists a different, and much later, arrest date for the federal felony than the state felony, while also *141 indicating that he was released and then rearrested twice after his initial arrest for the state felony. Since the federal conspiracy charge encompassed a time period that ended after his initial state arrest, as we noted at oral argument, Marcoccia may also qualify as a career offender on the basis that his “sentences were imposed for offenses that were separated by an intervening arrest.” U.S.S.G. § 4Al,2(a).

. Indeed, it expressly noted: "I do agree ... that the range calculated by the guideline is too high ... But I think the appropriate way to deal with that is through a variance. If I were to deal with it through a departure, I would be limited to a departure of only one criminal history category pursuant to 4A1.3(b)(3)(A).” J.A. 87.

. In fact, far from objecting, Marcoccia's counsel went on to expressly state: “I think the solution is exactly what the Court hinted at the beginning; the solution is a variance.” J.A. 98.

. See also United States v. Schweitzer, 454 F.3d 197, 204 (3d Cir. 2006) ("That we may ourselves have imposed a sentence different from that of the district court, based on our own de novo assessment of the evidence, is no basis to overturn the judgment.”).

. Indeed, the District Court agreed with many of Marcoccia’s arguments when it decided to grant a substantial downward variance. J.A. 105-08.

. On this issue, we note that the District Court incorrectly stated that “[i]f Mr. Marcoc-cia had not been designated a career offender, he would have ... an offense level of 29 and range of imprisonment of between 140 and 175 months.” J.A. 106. Marcoccia, has never claimed this was an error, but we are satisfied that, even were we to rule that this statement constitutes procedural error, it was harmless. The record shows that the District Court did not rely on that range to assess what sentence was appropriate—it merely mentioned it to support its point that “there must be some disparity between the two co-conspirators, as clearly Mr. Marcoccia has a greater criminal history with or without the career offender status.” J.A. 106. In addition, given the substantial downward variance and the District Court's agreement that Marcoccia’s guideline range was too high, we believe this to be one of those cases where "a district court may choose to disregard the Guidelines as too severe in such a way that we can be certain that the miscalculation had no effect on the sentence imposed.” Langford, 516 F.3d at 218.