# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2927

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　*
　　　　　Plaintiff - Appellee,　　*
　　　　　　　　　　　　　　　　*　　Appeal from the United States
　　　v.　　　　　　　　　　　　*　　District Court for the Eastern
　　　　　　　　　　　　　　　　*　　District of Arkansas.
Christopher Shields,　　　　　　　*
　　　　　　　　　　　　　　　　*
　　　　　Defendant - Appellant.　*

_____

Submitted: March 11, 2008
Filed: March 27, 2008

_____

Before WOLLMAN, BOWMAN, and MELLOY, Circuit Judges.

_____

MELLOY, Circuit Judge.

Appellant Christopher Shields entered a conditional guilty plea to one count of possession of cocaine base (crack cocaine) with intention to distribute in violation of 21 U.S.C. § 841. Appellant reserved the right to appeal a ruling by the district court[1] denying a motion to suppress approximately 4.25 grams of crack cocaine that officers found in his truck. He now raises that issue on appeal and also appeals his sentence.

_____

[1] The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

Deputy United States Marshals in Little Rock had an arrest warrant for Appellant's fugitive brother, Brian Shields. Brian Shields was suspected of trafficking crack cocaine and conspiring to assassinate a United States Attorney and a United States Magistrate Judge. The deputies also suspected Appellant, Christopher Shields, was assisting Brian Shields in trafficking crack cocaine and evading arrest. The deputies believed that Brian Shields was present in Little Rock and driving a tan or champagne Chevrolet truck.

Already armed with this information and the arrest warrant for Brian Shields, the deputies received a tip that Brian Shields and a passenger were presently driving a tan Chevrolet truck. The deputies located the truck and pulled it over. After stopping the truck, one deputy approached from the front and another approached from the rear. The deputy who approached from the front asked the driver to exit the vehicle. Appellant exited from the driver's seat, and the deputy recognized Appellant as Christopher Shields, and not as Brian Shields, the person for whom they had the arrest warrant. The deputy knew from prior information that Appellant had a suspended driver's license. The deputy patted down Appellant and placed him in handcuffs.

At about the same time that Appellant exited the vehicle, the deputy who approached from the rear arrived at the driver's side of the truck cab. He looked into the truck through the open door and saw rocks of crack cocaine resting, unconcealed, on a dashboard cupholder. The deputy later testified that he could have seen the crack through the window even if the door had been closed. It was later determined that the rocks were about 4.25 grams of crack cocaine. Brian Shields was not a passenger in the truck, but a woman and a child were riding with Appellant.

Appellant argued below and argues on appeal that the deputies violated his Fourth Amendment right to be free from unreasonable searches and seizures when they handcuffed him and looked into his truck after realizing that he was not Brian

Shields. We disagree. The deputies were attempting to execute a valid arrest warrant for Brian Shields, which justified the stop of the truck. The valid stop placed officers in close proximity to the truck, from which location they could see the crack in plain view. Horton v. California, 496 U.S. 128, 130 (1990); United States v. Gillon, 348 F.3d 755, 759 (8th Cir. 2003) (approving warrantless seizure of bags of cocaine in plain view during valid traffic stop). Appellant does not dispute that the crack cocaine was in plain view. It was the stop itself rather than the detention that created the opportunity for the second deputy to see the contraband. None of our precedent regarding vehicle stops and searches prevents an officer from looking into a vehicle through windows or open doors as a routine step at the initiation of a valid traffic stop.

Further, deputies knew Appellant did not have a valid driver's license. This fact, coupled with the deputy's recognition of Appellant, might well have supported an arrest or a detention pending the arrival of state officers. Finally, the deputies suspected Appellant of assisting his brother and expected to find Brian Shields in the truck. In these circumstances, it was reasonable for the deputies to detain Appellant for security purposes while ensuring that the brother, a dangerous fugitive, was not present in the vehicle. For these reasons, we affirm the district court's denial of Appellant's motion to suppress.

Regarding sentencing, the district court imposed a sentence of 37 months' imprisonment employing the then-current version of the Guidelines that contained a 100:1 crack-to-powder ratio in the drug quantity tables. See U.S. Sentencing Guidelines Manual § 2D1.1(c) (2006). This sentence was at the bottom of a 37-46 month advisory Guidelines range. At sentencing, Appellant argued that the court should calculate the advisory Guidelines sentence based on proposed amendments to the Guidelines. The district court elected not to do so. Subsequently, the Sentencing Commission adopted the proposed amendments, reducing the disparity between Guidelines offense levels for trafficking in different forms of cocaine and making

those amendments retroactive.  <u>See</u> U.S.S.G. § 2D1.1(c) (2007) (incorporating amendments effective November 1, 2007).

Appellant argues on appeal that we should remand his case for resentencing so that he may enjoy the benefit of the amended Guidelines provisions.  The government consents that a remand is appropriate.  Accordingly, we remand to allow the district court to consider resentencing Appellant, using the amended Guidelines.  We emphasize, however, that we are remanding only to allow the district court to consider a lower sentence under the amended guidelines, an ability the district court already has as a result of the decision to make the amendment retroactive.  It is still up to the district court to decide if it wishes to exercise its discretion to resentence, and if so, the extent of any reduction.

We affirm Appellant's conviction but remand for consideration of resentencing in accordance with this opinion.

_____