# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1926

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Bradford Lazarski, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: December 8, 2008
Filed: April 2, 2009

_____

Before LOKEN, Chief Judge, BEAM and ARNOLD, Circuit Judges.

_____

LOKEN, Chief Judge.

The district court[1] vacated Bradford Lazarski's initial sentence for being a felon in possession of a firearm and resentenced him to a substantially reduced term of 108 months in prison. Lazarski appeals this sentence, arguing procedural error, failure to consider all the sentencing factors enumerated in 18 U.S.C. § 3553(a), and an unreasonable sentence under Gall v. United States, 128 S. Ct. 586 (2007). We affirm.

_____

[1]The HONORABLE JAMES M. MOODY, United States District Judge for the Eastern District of Arkansas.

When Lazarski and others attempted to sell firearms stolen in Maryland in Pine Bluff, Arkansas, Lazarski was arrested and eight stolen firearms were recovered. He pleaded guilty to being a felon in possession. The government dropped other charges. At sentencing, the district court determined that Lazarski had three prior convictions for violent felonies, which subjected him to a mandatory minimum fifteen-year sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), and resulted in an advisory guidelines sentencing range of 235-293 months in prison. The court imposed a 200-month sentence. We affirmed. United States v. Lazarski, 161 Fed. App'x 613, 614 (8th Cir. 2006) (unpublished).

After this Court held in United States v. Livingston, 442 F.3d 1082, 1087 (8th Cir. 2006), that breaking into a vehicle to commit theft is not a violent felony, Lazarski filed a timely motion to vacate his sentence under 28 U.S.C. § 2255. The district court granted the motion, concluding in light of Livingston that two of the prior convictions were neither violent felonies under 18 U.S.C. § 924(e)(2)(B) nor crimes of violence under U.S.S.G. § 4B1.2(a). The court determined that Lazarski had only one prior felony conviction for a crime of violence, resulting in a base offense level of 20 under § 2K2.1(a)(4)(A), and a total offense level of 29.[2] The court also redetermined Lazarski's criminal history score. It assessed seven points for Lazarski's three 1995 convictions for possession of tools to commit a crime, theft by taking, and aggravated assault; three points for a 1998 conviction for theft by receiving; and two points because Lazarski committed the instant offense less than two years after his release from prison. These twelve criminal history points put Lazarski in criminal history category V, see U.S.S.G. ch. 5, pt. A, Sentencing Table, resulting in an advisory guidelines range of 140-175 months in prison, capped by a statutory

_____

[2]As in the initial sentencing, the court applied enhancements under § 2K2.1(b) for eight stolen firearms possessed in connection with another felony offense, plus a § 3C1.2 enhancement for recklessly creating a substantial risk of death or serious injury while fleeing from the police, and a three-level § 3E1.1(b) reduction for acceptance of responsibility. The total offense level is not at issue.

maximum sentence of 120 months. <u>See</u> 18 U.S.C. § 924(a)(2). The court again varied downward and sentenced Lazarski to 108 months in prison.

On appeal, Lazarski first argues that the district court committed procedural sentencing error by placing him in criminal history category V, rather than in category II, because he should not have been assessed seven criminal history points for three offenses that were committed prior to his eighteenth birthday. He relies on Application Note 3 to § 4A1.1, which states that one point is added under § 4A1.1(c) for an offense committed prior to the defendant's eighteenth birthday "only if [the sentence was] imposed within five years of the defendant's commencement of the current offense." However, six of the seven criminal history points were assessed under § 4A1.1(a), which expressly applies to prison sentences of more than one year and one month imposed for offenses committed prior to the defendant's eighteenth birthday *if* the defendant was "convicted as an adult." <u>See</u> §§ 4A1.1, comment. (n.1); 4A1.2(d)(1). The seventh point was assessed under § 4A1.1(f), which applies to a sentence that did not receive points under § 4A1.1(a) "because such sentence was counted as a single sentence." As Lazarski did not object to PSR statements that he was convicted as an adult and sentenced to more than one year and one month in prison for each of the three offenses, the seven points were properly assessed. When combined with five other points Lazarski does not dispute, this placed him in criminal history category V. Thus, there was no procedural error.

Lazarski next contends that the district court failed to consider two of the sentencing factors in 18 U.S.C. § 3553(a), an issue he failed to raise in the district court. The contention is plainly without merit. We do not require the district court to mechanically recite the § 3553(a) factors when, as here, it is clear from the record that the court properly considered those factors. <u>See</u> <u>United States v. Battiest</u>, 553 F.3d 1132, 1136 (8th Cir. 2009); <u>United States v. Walking Eagle</u>, 553 F.3d 654, 659 (8th Cir. 2009); <u>United States v. Perkins</u>, 526 F.3d 1107, 1110-11 (8th Cir. 2008).

Lazarski's final contention is that the 108-month sentence is unreasonable. We review the substantive reasonableness of a sentence under the deferential abuse-of-discretion standard mandated in <u>Gall</u>, 128 S. Ct. at 597. Here, because the bottom of Lazarski's advisory guidelines range is above the 120-month statutory maximum, "the statutory maximum sentence is presumed reasonable." <u>United States v. Shafer</u>, 438 F.3d 1225, 1227 (8th Cir. 2006). The district court sentenced Lazarski even more favorably, varying downward to 108 months. In these circumstances, it is nearly inconceivable that the court abused its discretion in not varying downward still further. <u>Cf.</u> <u>United States v. Curry</u>, 536 F.3d 571, 573 (6th Cir.), <u>cert. denied</u>, 129 S. Ct. 655 (2008). At resentencing, the court stated that it had again considered the entire sentencing record, including the initial sentencing proceeding, the second PSR, and statements at sentencing by Lazarski and his sister. The court addressed Lazarski's personal history as well as the nature and circumstances of the instant offense, including his difficult childhood, his history of substance abuse, and his efforts to educate himself while incarcerated. Thus, the record demonstrates that the court properly considered the § 3553(a) factors. The sentence imposed was not unreasonable.

The judgment of the district court is affirmed.

_____