# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3170

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Omar Villareal, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: July 5, 2010
Filed: July 7, 2010

_____

Before LOKEN, BYE, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Omar Villareal appeals his drug conviction and sentence entered by the district court[1] following a jury trial. His counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the sufficiency of the evidence to support the jury's verdict, the district court's drug quantity finding, and Villareal's 210-month sentence. In a pro se supplemental brief, Villareal argues that drug quantity was not proven to a jury, in violation of United States v. Booker, 543 U.S. 220 (2005), and that he did not have an opportunity to confront witnesses.

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

We reject these arguments seriatim: (1) the evidence was sufficient to convict Villareal of conspiring to distribute 5 kilograms or more of cocaine based on the testimony of his co-conspirators and the investigating drug agents, see United States v. Hernandez, 569 F.3d 893, 896 (8th Cir. 2009) (government must prove there was agreement to distribute drugs, and defendant knew of conspiracy and intentionally joined it); (2) based on the trial testimony, a preponderance of the evidence supports the district court's drug quantity finding, see United v. Alexander, 408 F.3d 1003, 1009 (8th Cir. 2005) (district court's drug quantity determination must be found by preponderance of evidence); (3) the district court was permitted to determine drug quantity because it applied the Guidelines in an advisory manner, see United States v. Brave Thunder, 445 F.3d 1062, 1065 (8th Cir. 2006); (4) nothing in the record suggests that Villareal was denied the opportunity to confront witnesses; and (5) his 210-month sentence, representing a downward variance from the 235-293 month Guidelines range, was not unreasonable, see United States v. Lazarski, 560 F.3d 731, 733 (8th Cir. 2009).

Further, after reviewing the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues for appeal. Accordingly, we grant counsel's motion to withdraw, and we affirm the district court's judgment.

_____