# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1009

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　　　Appellee,　　　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　　v.　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　*　District of Minnesota.
Rafael Alfonso Zelaya-Escobar,　　*
　　　　　　　　　　　　　　　　　*　[UNPUBLISHED]
　　　　　　　　　Appellant.　　　*

_____

Submitted: June 13, 2011
Filed: August 11, 2011

_____

Before COLLOTON, CLEVENGER,[1] and BENTON, Circuit Judges.

_____

PER CURIAM.

Rafael Alfonso Zelaya-Escobar pleaded guilty to illegal reentry after having been removed subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2). The district court[2] sentenced him to 36 months' imprisonment. Zelaya-Escobar appeals his sentence, and we affirm.

_____

[1]The Honorable Raymond C. Clevenger, III, United States Circuit Judge for the Federal Circuit, sitting by designation.

[2]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

Born in El Salvador in 1985, Zelaya-Escobar first came to the United States in 1990. Following multiple state convictions, including a Minnesota conviction for third-degree sale of drugs, he was removed from the country in 2008. He reentered in 2009 and was arrested in 2010 for domestic assault. He pled guilty to that offense in state court and was subsequently indicted on the federal charge at issue in this case. Pursuant to a written plea agreement with the government, Zelaya-Escobar pled guilty.

At sentencing, the district court calculated an advisory guideline range of 46 to 57 months' imprisonment. Zelaya-Escobar sought a downward departure based on his cultural assimilation to the United States, *see* USSG § 2L1.2, comment. (n.8), and a downward variance from the advisory range based on the factors set forth in 18 U.S.C. § 3553(a). He requested a sentence of 18 to 24 months. The court varied downward and imposed a 36-month sentence.

On appeal, Zelaya-Escobar argues only that his sentence is substantively unreasonable. He maintains that his cultural assimilation, the dangers he faced upon his return to El Salvador, his family's presence in the United States, and the fact that he has illegally reentered the United States on only one occasion required a more lenient sentence. We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007).

Our review of the record persuades us that the district court carefully considered Zelaya-Escobar's arguments and the relevant § 3553(a) factors and arrived at a substantively reasonable sentence. The court recognized, for example, "that the conditions in [Zelaya-Escobar's] home country are not very good." But the court also expressed concern that a lenient sentence would not adequately deter future illegal conduct. *See* 18 U.S.C. § 3553(a)(2)(B). A short sentence, the court explained, could result in Zelaya-Escobar going back to El Salvador "for let's say 6 months and then return[ing] again" to the United States. In varying downward, the court concluded

that the sentence was "not such a variance . . . that it sends the wrong message." Especially where a greater sentence within the advisory range would have been entitled to a presumption of reasonableness on appeal, the court's decision to sentence below the range – albeit not as far below as the defendant sought – was a permissible exercise of the court's discretion. *See United States v. Lazarski*, 560 F.3d 731, 733 (8th Cir. 2009).

The judgment of the district court is affirmed.

_____