MURPHY, Circuit Judge.
Donna Mary Zauner pled guilty to production of child pornography in violation of 18 U.S.C. § 2251(a) and (e) for photographs she took of her young daughters at ages six and two. The district court[1] sentenced Zauner to 216 months, departing and varying downward from Zauner’s guideline sentence of 360 months. Zauner challenges her sentence as substantively unreasonable. We affirm.
In early September 2010, Zauner contacted Alec Tafolla on an internet clearinghouse for rideshares and made arrangements for him to drive her and her two daughters, H.H. and B.Z., from Las Vegas, Nevada to her parents’ home in upstate New York. H.H. was two years old and B.Z. was six years old at the time. Tafolla and Zauner maintained contact after he dropped them off in New York, and a few weeks later Zauner had asked Tafolla to drive her and her daughters to Winona, Minnesota to live with Alan Light, a man she had met on the internet. Several weeks later Zauner informed Tafolla that the relationship was not working. He drove to Winona to help her move out of Light’s residence.
When Light returned home and realized that Zauner had left with her daughters while he was away, he checked his computer’s internet history to try to determine where she had gone. He spotted an email account he did not recognize and which was later determined to belong to Tafolla. Light contacted the Winona police department after discovering that pornographic images of Zauner’s children had been sent to that account.
*428 Police located Tafolla and Zauner in a local motel. Zauner was interviewed and explained that during one of the trips Tafolla had discussed watching child pornography and that he had told her a prior fiancé had let him rub his penis against her five year old daughter’s vagina. Zauner explained that Tafolla had requested pictures of her daughters and would specify the photographs he wanted her to send him. Zauner also turned over her cell phone which contained several images of her daughters.
Law enforcement officers reviewed text and email messages exchanged by Zauner and Tafolla between September 11 and October 5, 2010. They were not able to recover all communications but discovered an image Tafolla had sent to Zauner of a female child with semen and the message, “show that to [H.H.] and [B.Z.] and tell them that’s what I want to do.” Tafolla sent another email with a video of a man having intercourse with a minor girl that was renamed “me and [H.H.]” Zauner sent Tafolla a photograph of B.Z. and Tafolla responded with a picture of his erect penis and the message “show her this.” Zauner then sent Tafolla photographs of B.Z. and H.H. each naked from the waist down, seated in a chair with their legs spread to expose their genitals. Next she sent a photograph in which she is holding B.Z. whose legs are apart. Zauner is spreading B.Z.’s labia with her hand to expose her vagina. Tafolla responded, “I want you to show this pic you took to [H.H.].”
When questioned by police, Zauner first said that Tafolla had physically threatened her during the trip to Winona, demanding pictures of her daughters. She later acknowledged that this statement was false and that Tafolla had never threatened her. Her children were placed in foster care in Minnesota and eventually relocated to Pennsylvania to live with a relative.
The government issued a four count indictment against Zauner for production and distribution of child pornography, and Zauner agreed to plead guilty to one count of production of child pornography in violation of 18 U.S.C. § 2251(a) and (e). The parties stipulated that Zauner’s total offense level would be 46 which included enhancements for the ages of her daughters, the fact that she is their parent, her participation in a pattern of activity involving prohibited sexual conduct, as well as a three level reduction for acceptance of responsibility. Since Zauner had no criminal history, she was in category I which capped the offense level at 43, leading to a guideline sentence of life. Because this sentence exceeded the statutory maximum of 30 years the statutory maximum became the guideline sentence. See U.S.S.G. § 5G1.1(a). The government agreed to move for a downward departure for substantial assistance under U.S.S.G. § 5K1.1 if Zauner cooperated with Tafolla’s prosecution.
The district court ordered a psychological evaluation before sentencing. The evaluation revealed that Zauner’s intellectual functioning measured near the level considered to be mentally retarded, that she had grown up in an abusive household, and had been sexually assaulted as a minor. The psychologist reported that Zauner has a deep seated need for validation and affection and defers decisions to others. He concluded that Tafolla “targeted, groomed, and manipulated Ms. Zauner to satisfy his own prurient interests.... Ms. Zauner was desperate to be loved and accepted his version of what was right and wrong.”
The government submitted a § 5K1.1 motion for substantial assistance but argued at sentencing that any departure *429 should be minimal in light of the fact that Zauner had supplied it with misinformation and the “severe and terrible set of facts” underlying the conviction. The government also sought restitution in the amount of $10,000 for each child.
The district court sentenced Zauner to 216 months and 15 years of supervised release and ordered $20,000 in restitution owed jointly and severally with Tafolla. This sentence represented a 40% reduction from Zauner’s guideline sentence. The court described the case as “very sad ... in many, many ways” and stated
There[] [are] some very basic needs that every child has a right to expect and one of those is that their mother will protect them from harm. And say what you will about Mr. Tafolla[,] [y]ou could have stopped this whole thing. He was a distance from you. There were no threats involved here and your children had a right to rely upon you to protect them.... There are very few cases where a mother is charged with participating in pornography in quite the way you have and I have to hold you accountable for that under the circumstances.
After the district court announced its sentence, Zauner protested, saying, “I’m not a sex offender.... [My daughters] were never harmed when I took the pictures. They weren’t even aware that I took the pictures. They were not.” The district court responded that “you’re their mother. They had a right to trust you and protect them from this.”
On appeal Zauner argues that her sentence is substantively unreasonable in light of her history of trauma, borderline intellectual functioning, lack of criminal history, and relative culpability. The government argues that we cannot review the reasonableness of Zauner’s sentence because we would in effect be reviewing the extent of the district court’s downward departure under § 5K1.1. See United States v. Billue, 576 F.3d 898, 905 (8th Cir.2009) (“Absent an allegation that the district court was motivated by an unconstitutional motive in arriving at its downward departure, we may not review the extent of [such] a downward departure in the defendant’s favor.” (citation omitted)).
The district court made clear that its reduction was based on both the § 5K1.1 motion and its consideration of the sentencing factors listed in 18 U.S.C. § 3553(a). Because the reduction included a variance as well as a departure, we review the substantive reasonableness of the sentence imposed for abuse of discretion, Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), and “judge the substantive reasonableness of the sentence with reference to the factors enumerated in 18 U.S.C. § 3553(a).” United States v. Wahlstrom, 588 F.3d 538, 547 (8th Cir.2009). The district court has “wide latitude to weigh the § 3553(a) factors ... in determining an appropriate sentence.” United States v. Bridges, 569 F.3d 374, 379 (8th Cir.2009). Where as here the advisory guideline sentence is above the statutory maximum, the statutory maximum sentence is presumed reasonable. United States v. Lazarski, 560 F.3d 731, 733 (8th Cir.2009). When a district court varies downward from a presumptively reasonable guideline sentence, “it is nearly inconceivable that the court abused its discretion in not varying downward still further.” Lazarski, 560 F.3d at 733.
The district court made clear at sentencing that it was aware of the mitigating information contained in Zauner’s psychological report and her argument that she was less culpable than Tafolla, who had been sentenced to 192 months. It also expressed concern that Zauner “just do[es]n’t ... get it [that] [t]his is a very, *430 very serious offense.” The district court asked about the well being of the children, received a victim impact statement from Winona County Protective Services, and was presented with the government’s argument that
[Defense counsel] referenced that the children hopefully didn’t or don’t appreciate what was done to them at the time. There will come a time when they’ll appreciate what happened to them and why their mother was taken from them.... [They are] going to have to face counseling and treatment and overcome that hurdle. It’s not over for the children.
The court concluded that the sentence was “significant punishment without more than necessary to accomplish” the objectives of § 3553(a).
This record demonstrates that the district court carefully considered the § 3553(a) factors in light of the mitigating evidence presented and the gravity of the offense. It imposed a sentence well below the guideline sentence and 3 years above the statutory minimum. We conclude that the district court did not abuse its discretion and that Zauner’s sentence is not unreasonable.
Accordingly, we affirm the judgment of the district court.

. The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.