# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1662

_____

United States of America

*Plaintiff - Appellee*

v.

Deandre Franklin, also known as Doo Man

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: October 21, 2013
Filed: October 29, 2013
[Unpublished]

_____

Before GRUENDER, BEAM, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Deandre Franklin pleaded guilty to one count of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  The district court[1]

---

[1] The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota.

sentenced Franklin to 60 months' imprisonment, representing an upward variance from the suggested Guidelines range of 18-24 months. Franklin appeals, challenging the substantive reasonableness of the imposed sentence. We affirm.

In January 2012, while conducting surveillance operations, officers followed a vehicle occupied by Franklin and two females. The vehicle parked outside of a gun shop and the two females, alone, entered the business and purchased ammunition. Shortly after the women and Franklin drove away from the gun shop, officers approached the vehicle and detained all three of them. Officers recovered ammunition from the vehicle, as well as a loaded revolver from Franklin's jacket pocket and a loaded pistol hidden under the passenger seat of the car where Franklin was seated. The instant charges ensued.

At sentencing, while all parties agreed that the suggested Guidelines sentencing range was 18-24 months, Franklin sought an 18-month, bottom-of-the-range sentence. The government, on the other hand, urged the court to vary upward for many reasons, including: (1) Franklin's history of illegally possessing guns, (2) Franklin's involvement in a larger investigation wherein officers intercepted several telephone calls in which Franklin discussed firearms, at least one of which was different from the two recovered in this case, (3) Franklin's arrest in Chicago while in possession of a loaded handgun shortly after this gun shop incident, (4) Franklin's inducing and/or directing the two women to purchase the ammunition, (5) Franklin intending to use the firearms in his possession, and (6) all other 18 U.S.C. § 3553(a) factors warranting an upward variance. The district court granted the government's request for a variance and sentenced Franklin to 60 months' imprisonment. The court's detailed statement of reasons noted its adoption of many of the arguments advanced by the government at sentencing.

On appeal, Franklin claims that the imposed sentence is unreasonable. He claims the district court overvalued his criminal history and need for punishment

while simultaneously undervaluing important mitigating factors such as the fact that (1) Franklin grew up in dangerous neighborhoods of Chicago and regularly witnessed incidents of violence, (2) his upbringing included relatives in the home who abused drugs and alcohol, and (3) Franklin had a son born during his detention that needs his father. However, the district court did not abuse its discretion in varying upward on any of the grounds indicated. "'[W]e previously have allowed variances based on factors already taken into account by the advisory [G]uidelines,' where the Guidelines do not fully account for those factors, or 'when a district court applies broader § 3553(a) considerations in granting the variance.'" United States v. Richart, 662 F.3d 1037, 1052 (8th Cir. 2011) (quoting United States v. Jones, 509 F.3d 911, 914 (8th Cir. 2007)), cert. denied, 132 S. Ct. 1942 (2012). Additionally, the district court always has wide latitude to weigh the § 3553(a) factors in determining an appropriate sentence, and the district court in this case quite clearly gave particular consideration to many appropriate factors at sentencing. United States v. Zauner, 688 F.3d 426, 429 (8th Cir. 2012).

"[I]t will be the unusal case when we reverse a district court sentence–whether within, above, or below the applicable Guidelines range–as substantively unreasonable." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (quotation omitted). There is nothing unusual here. Accordingly, we affirm.

———————————————