# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-3673

_____

United States of America

*Plaintiff - Appellee*

v.

Jack E. Grubb, III

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: June 5, 2017
Filed: September 5, 2017
[Unpublished]

_____

Before LOKEN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Jack E. Grubb, III, pled guilty to receipt of child pornography and attempted distribution of child pornography over the internet, in violation of 18 U.S.C. § 2252(a)(2), and possession of child pornography, in violation of 18 U.S.C.

§ 2252(a)(4). The district court[1] sentenced Grubb to 220 months' imprisonment and Grubb appeals, arguing his sentence is substantively unreasonable.

In November 2013, a Federal Bureau of Investigation officer downloaded child pornography from an IP address later determined to be associated with Grubb. After obtaining a search warrant, officers searched Grubb's house and recovered various electronic media. On the same day, Grubb admitted that he had used Ares software to search, view, and download child pornography. Grubb also told officers that he molested his younger brother and sister when he was a teenager and that he had been accused of sexual misconduct with a minor child in 2012 but the case was dismissed. A subsequent search of the electronic media recovered from Grubb's house revealed multiple images and four videos depicting child pornography.

The initial Presentence Investigation Report ("PSR") calculated a base offense level of 22. Pursuant to United States Sentencing Guidelines ("U.S.S.G") § 2G2.2, the PSR recommended a number of enhancements and concluded Grubb's total offense level was 41 and his criminal history category was I. However, because the statutory maximum penalty is 20 years under 18 U.S.C. § 2252(a)(2) and 10 years under 18 U.S.C. § 2252(a)(4), the PSR calculated Grubb's advisory Guidelines range as 240 months for Counts One and Two and 120 months for Count Three.

Grubb objected to four of the sentence enhancements and argued that his total offense level should be 25. Based on this lower offense level, Grubb's criminal history category of I, and the statutory minimum sentence of five years, Grubb argued that his advisory Guidelines range was 60–71 months. The district court overruled

---

[1] The Honorable Greg Kays, Chief Judge, United States District Court for the Western District of Missouri.

Grubb's objections and sentenced Grubb to concurrent sentences of 220 months for Counts One and Two and 120 months for Count Three.

On appeal, Grubb does not renew his challenges to the application of the sentence enhancements. Rather, he argues his sentence is substantively unreasonable because the district court failed to adequately consider mitigating factors. We review the substantive unreasonableness of a sentence for abuse of discretion. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." Id. (internal quotation marks and citation omitted). A defendant challenging his sentence "must show more than the fact that the district court disagreed with his view of what weight ought to be accorded certain sentencing factors." United States v. Townsend, 617 F.3d 991, 995 (8th Cir. 2010) (per curiam).

Here, the bottom of Grubb's advisory sentencing range is above the 240-month statutory maximum so "the statutory maximum sentence is presumed reasonable." United States v. Lazarski, 560 F.3d 731, 733 (8th Cir. 2009) (internal quotation marks and citation omitted). The district court varied downward, sentencing Grubb to 220 months. "In these circumstances, it is nearly inconceivable that the court abused its discretion in not varying downward still further." Id. The district court considered the entire sentencing record and the 18 U.S.C. § 3553(a) factors, discussing the nature and circumstances of the instant offense, Grubb's history of sexual misconduct, and the need to protect children. The court acknowledged that Grubb did not have any prior convictions, but explained that Grubb's prior conduct is "the kind that keeps judges up at night." And while the court noted that Grubb was sexually abused as a child, the court concluded that this fact did not outweigh the danger to the children of the community.

The sentence imposed was not unreasonable and the judgment of the district court is affirmed.

_____