# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1759

_____

United States of America

*Plaintiff - Appellee*

v.

Brandon Scott Dygert

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: March 11, 2019
Filed: May 21, 2019
[Unpublished]

_____

Before GRUENDER, BENTON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

In April 2017, convicted felon Brandon Scott Dygert sold a revolver and two hand grenades—which he represented as live, but which turned out to be inert—to an undercover officer. In May 2017, Dygert sold the undercover officer a rifle and a revolver. In June 2017, Dygert was arrested after he was found in possession of a short-barreled shotgun, a revolver, almost an ounce of methamphetamine, and a

digital scale. After he was released, Dygert offered to sell the undercover officer additional firearms and methamphetamine.

Dygert pleaded guilty to one count of possession of an unregistered firearm pursuant to 26 U.S.C. §§ 5861(d), 5871. The presentence investigation report ("PSR") calculated a total offense level of 27, a criminal history category of IV, and a guidelines range of 100 to 120 months' imprisonment. The district court[1] varied downward and imposed a sentence of 70 months and 36 months' supervised release. Dygert appeals.

Dygert does not argue in his briefs that the district court committed any procedural error,[2] but he argues that his sentence was substantively unreasonable, which we review under the "deferential abuse-of-discretion standard." *O'Connor*, 567 F.3d at 397. "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant factor that should have received significant weight; gives significant weight to an improper or irrelevant factor; or considers only the appropriate factors but commits a clear error of judgment." *Id.* When, as here, a district court's sentence is below the advisory guidelines range, "it

---

[1]The Honorable John R. Tunheim, Chief Judge, United States District Court for the District of Minnesota.

[2]Dygert alleges that his sentence was substantively unreasonable in part because the district court "relied on facts not in the record." If true, this could implicate a second line of authority that categorizes a district court's consideration of an improper or irrelevant factor as a procedural error rather than a challenge to substantive reasonableness. *See United States v. Phelps*, 536 F.3d 862, 867 (8th Cir. 2008). But we need not resolve that question here, because we would reach the same result under either framework. *See United States v. O'Connor*, 567 F.3d 395, 397 n.3 (8th Cir. 2009). There is no evidence that the district court considered facts not in the record. The court's comment at sentencing that Dygert was selling firearms to "bad guys" was instead a reasonable description of Dygert's state of mind when he sold guns to an undercover officer.

is nearly inconceivable that the court abused its discretion in not varying downward still further." *United States v. Lazarski*, 560 F.3d 731, 733 (8th Cir. 2009); *see also United States v. Black*, 670 F.3d 877, 882 (8th Cir. 2012).

The record demonstrates that the court properly considered the 18 U.S.C. § 3553(a) factors and did not abuse its discretion. *See Lazarski*, 560 F.3d at 733. At sentencing, the district court considered the presentence investigation report, the material submitted by Dygert, and the letters prepared on Dygert's behalf. The court specifically mentioned Dygert's personal "history of drug abuse" and "the difficult family history as well" as reasons to vary downward. And the court appropriately highlighted the "seriousness of the offense," explaining that "[g]uns are a terrible scourge right now in society."

We affirm.

_____