# United States Court of Appeals

## For the Eighth Circuit

_____

No. 19-1464
_____

United States of America

*Plaintiff - Appellee*

v.

Alejandro Sandoval

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: January 13, 2020
Filed: March 6, 2020
[Unpublished]

_____

Before COLLOTON, SHEPHERD, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Alejandro Sandoval pled guilty to possession with intent to distribute 500 grams or more of a mixture and substance containing methamphetamine and 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and

841(b)(1)(A). The district court[1] sentenced Sandoval to 200 months' imprisonment. Sandoval appeals his sentence, challenging the extent of the downward variance and arguing that his sentence was substantively unreasonable. We affirm.

On March 17, 2018, law enforcement officers stopped a vehicle in which Sandoval was the driver and sole occupant. After running a record check, officers learned that Sandoval's driving status had been suspended due to non-payment of child support. During a pat-down search, officers found $3,707.20 in Sandoval's pants pockets. An inventory search of the vehicle revealed four packages totaling 1,752.60 grams of actual methamphetamine and a cutting agent commonly used by drug dealers.

On June 27, 2018, a grand jury indicted Sandoval for possession with intent to distribute methamphetamine. The court accepted Sandoval's guilty plea on October 30, 2018. At sentencing, the court determined Sandoval qualified as a career offender under USSG § 4B1.1 based on Sandoval's prior Iowa convictions for aggravated assault and possession of marijuana with intent to distribute. The court calculated an advisory sentencing guideline range of 262 to 327 months' imprisonment. Sandoval requested a departure under USSG § 4B1.1, comment. (n.4) on the ground that the seriousness of his criminal history was overrepresented because the prior assault conviction was reduced to an aggravated misdemeanor. The court denied the requested departure, finding the points were properly counted under the guidelines. The court determined, however, that "a reasonable variance" was warranted because the career offender enhancement had a greater than necessary impact in light of the previous sentences imposed and the nature and circumstances of the current offense. The court, after noting it had considered all of the factors under 18 U.S.C. § 3553(a) and specifically mentioning Sandoval's substantial criminal history, the seriousness

---

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

of the instant offense, the protection of the public, and the need to avoid unwarranted sentencing disparity, sentenced Sandoval to 200 months' imprisonment.

On appeal, Sandoval argues that the court should have varied downward to his recommended sentence of 151 months because of his young age, his difficult background, and the belief that his criminal "history reads like a low-level drug dealer or courier who is fueling his addiction rather than looking to greatly profit." District courts have wide latitude to weigh the factors under § 3553(a) in each case. United States v. Zauner, 688 F.3d 426, 429 (8th Cir. 2012) (quoting United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009)). "When a district court varies downward from a presumptively reasonable guideline sentence, 'it is nearly inconceivable that the court abused its discretion in not varying downward still further.'" Id. (quoting United States v. Lazarski, 560 F.3d 731, 733 (8th Cir. 2009)). The record demonstrates the district court adequately considered the § 3553(a) factors, including both mitigating and aggravating factors. We conclude the district court did not abuse its discretion and that Sandoval's sentence is not substantively unreasonable.

We affirm the judgment of the district court.

_____