# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-1854
_____

United States of America

*Plaintiff - Appellee*

v.

Quinton Sentel Howard

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: March 15, 2021
Filed: April 28, 2021
[Unpublished]
_____

Before SHEPHERD, ERICKSON, and KOBES, Circuit Judges.
_____

PER CURIAM.

Defendant Quinton Howard pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). After applying a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for possession of a firearm in

connection with another felony offense, the district court[1] imposed a below-Guidelines 90-month term of imprisonment. Howard appeals, arguing the district court (1) erred in calculating his Guidelines range by applying the enhancement, and (2) imposed a substantively unreasonable sentence. We affirm.

We review the district court's application of a sentencing enhancement *de novo* and the underlying factual findings for clear error. United States v. Houston, 920 F.3d 1168, 1174 (8th Cir. 2019). Iowa law makes felonious (for Guidelines' purposes) "knowingly carr[ying] or transport[ing] [a pistol] in a vehicle." Iowa Code § 724.4(1). During the factual basis for his plea, Howard admitted that he traveled in a vehicle in Iowa while knowingly possessing a Springfield .45 caliber pistol. Given Howard's admissions, the district court properly applied the four-level enhancement under § 2K2.1(b)(6)(B) of the Guidelines pursuant to our precedent in United States v. Walker, 771 F.3d 449 (8th Cir. 2014). While Howard contends that Walker was wrongly decided, our panel is bound by it. Mader v. United States, 654 F.3d 794, 800 (8th Cir. 2011) (en banc). Howard's arguments that Walker does not control in his case since Walker did not address the "overly harsh" result or sentencing disparity created by application of § 2K2.1(b)(6)(B) are unavailing, as those are reasons for a downward variance from the Guidelines range, not a challenge to the Guidelines calculation.

We review "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). The district court calculated Howard's Guidelines range as 110 to 120 months' imprisonment. The court then varied downward from the advisory Guidelines range, acknowledging that application of the four-level enhancement caused the sentencing range to overstate the seriousness of Howard's conduct.

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

Where, as here, the sentencing court imposes a sentence below the advisory Guidelines range, "it is nearly inconceivable that the court abused its discretion in not varying downward still further." United States v. Lazarski, 560 F.3d 731, 733 (8th Cir. 2009). Howard's sentence of 90 months' imprisonment is within the un-enhanced Guidelines range of 77 to 96 months' imprisonment. The district court carefully considered and weighed both Howard's argument for a variance and the 18 U.S.C. § 3553(a) factors at sentencing. We find no abuse of discretion simply because the district court did not vary as far downward as Howard wished. Howard's sentence is not substantively unreasonable.

For the foregoing reasons, we affirm the judgment of the district court.

_____