# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1761
_____

United States of America,

*Plaintiff - Appellee,*

v.

Peter Martin,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: February 15, 2021
Filed: July 6, 2021
[Unpublished]

_____

Before LOKEN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Peter Martin pleaded guilty to conspiracy to distribute and possess with intent to distribute methamphetamine. In calculating an advisory range under the

sentencing guidelines, the district court[1] applied an increase for possession of a weapon in connection with a drug trafficking offense, and sentenced Martin to 175 months' imprisonment. Martin appeals his sentence, and we affirm.

In September 2018, officers arranged a controlled purchase of methamphetamine at a home in Minneapolis owned by Fernando Ramos-Meza. Martin and his children also lived in the home. Before the transaction, officers observed Martin carrying a box into the house. They later found that the box contained methamphetamine.

Officers searched the house and discovered about 191 pounds of methamphetamine in a downstairs kitchen closet. They also seized a sawed-off shotgun in an upstairs bedroom occupied by Martin's fifteen-year-old son. During a post-arrest interview, Martin told officers that the gun belonged to him. He offered several explanations for how he acquired it, ultimately claiming that he bought it for protection. Martin admitted that he moved the box, but claimed that he was not involved in the drug transaction, and asserted that Ramos-Meza was responsible for the methamphetamine.

Martin pleaded guilty to conspiracy to distribute and possess with intent to distribute methamphetamine. *See* 21 U.S.C. § 846; *see id.* § 841(a)(1). At sentencing, the parties disputed whether the court should apply a two-level increase under the guidelines for Martin's possession of a dangerous weapon (the shotgun) in connection with a drug-trafficking offense. *See* USSG § 2D1.1(b)(1). Martin also argued that he should be eligible for a sentence below the statutory minimum of 120 months based on 18 U.S.C. § 3553(f).

---

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

At a hearing, Martin testified that the shotgun belonged to Ramos-Meza. Martin said that he had lied in his post-arrest interview when he assumed responsibility for the gun, because he felt that he "owed" Ramos-Meza for giving him a place to live. Martin also stated that he never used the gun for protection. Ramos-Meza, however, testified that Martin owned the gun, and that he purchased it from a drug customer.

The district court found that Martin possessed the gun, and found it "highly likely" that the gun was possessed in connection with drug trafficking. Based on those findings, the court applied the two-level increase, and arrived at an advisory guideline range of 210 to 262 months' imprisonment. The court imposed a 175-month sentence, varying downward from the range because of Martin's alcohol and possible drug addictions and lack of adult criminal convictions, and the need to avoid unwarranted disparities between Martin's sentence and the sentences of two co-defendants.

On appeal, Martin first argues that the district court erred in applying the increase for possessing a weapon in connection with a drug trafficking offense. The guidelines direct the court to add two offense levels "[i]f a dangerous weapon (including a firearm) was possessed." USSG § 2D1.1(b)(1). The enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." *Id.* § 2D1.1, comment. (n.11(A)); *see United States v. Young*, 689 F.3d 941, 946 (8th Cir. 2012). We review the district court's factual findings supporting the weapon enhancement for clear error. *See Young*, 689 F.3d at 946.

There was no clear error in the district court's finding that Martin possessed the shotgun in connection with his offense. Martin contends that the shotgun was not "present" during the offense because the weapon was upstairs while the drugs were downstairs in the kitchen. In the context of drug trafficking, however, there may be

a sufficient connection between a gun and drugs in different rooms or on different floors of a house to warrant the increase. *See United States v. Belitz*, 141 F.3d 815, 818 (8th Cir. 1998); *see also United States v. Garcia*, 772 F.3d 1124, 1126 (8th Cir. 2014) (per curiam) (collecting cases).

Martin next argues that the gun was "fortuitously present" but unconnected to his offense, and that it is more probable that Ramos-Meza owned the gun. The district court considered the testimony of both witnesses and made a "virtually unreviewable" determination that Ramos-Meza's testimony was more credible. *See United States v. Behler*, 187 F.3d 772, 777 (8th Cir. 1999). The court concluded that Martin's post-arrest statement that he bought the gun for protection was "the most believable" explanation. Because the court found that Martin "lived in a house in which an enormous amount of methamphetamine was stored and . . . sold," and the gun was "readily accessible," there was no clear error in the conclusion that Martin possessed the gun for protection during drug sales. *See United States v. Willie*, 462 F.3d 892, 899 (8th Cir. 2006). Therefore, the court properly applied the increase under § 2D1.1(b)(1). The court's finding that Martin possessed a firearm in connection with his offense also rendered Martin ineligible for a sentence below the statutory minimum of 120 months. *See* 18 U.S.C. § 3553(f)(2).

Martin also contends that his sentence is substantively unreasonable because of a disparity between his sentence and those of two co-defendants. A district court must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," *id.* § 3553(a)(6), but this direction "refers to national disparities, not differences among co-conspirators." *United States v. Pierre*, 870 F.3d 845, 850 (8th Cir. 2017). We review the substantive reasonableness of sentences for abuse of discretion, and where a district court has varied downward, "it is nearly inconceivable that the court abused its discretion in not varying downward still further." *United States v. Lazarski*, 560 F.3d 731, 733 (8th Cir. 2009).

The district court did not abuse its discretion by imposing a lengthier sentence on Martin than on his co-defendants. The court varied downward to reduce that difference, but explained that "some disparity [was] warranted" because of Martin's record, which included "very little history of working at honest jobs," juvenile felony adjudications, and disciplinary actions while in jail. And unlike his co-defendants, Martin was responsible for possessing a firearm. There was no abuse of discretion.

The judgment of the district court is affirmed.

_____