# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 21-2249

———————————————

United States of America

*Plaintiff - Appellee*

v.

Deandre Darnell Blakely

*Defendant - Appellant*

———————

Appeal from United States District Court
for the Southern District of Iowa

———————

Submitted: December 20, 2021
Filed: January 20, 2022
[Unpublished]

———————

Before GRUENDER, ERICKSON, and GRASZ, Circuit Judges.

———————

PER CURIAM.

Deandre Darnell Blakely appeals after he pleaded guilty to drug and gun offenses, and the district court[1] imposed a sentence below the advisory guideline

———————————————

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

range in the United States Sentencing Guidelines Manual. His counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), discussing the propriety of an obstruction-of-justice enhancement and the substantive reasonableness of the sentence.

We conclude the district court did not clearly err in applying an enhancement for obstruction of justice under U.S.S.G. § 3C1.1. *See United States v. Abdul-Aziz*, 486 F.3d 471, 478 (8th Cir. 2007) (explaining the standard of review); *see also United States v. Vera-Gutierrez*, 964 F.3d 733, 737 (8th Cir. 2020) (reiterating the district court's broad discretion to apply the enhancement to a wide range of conduct), *cert. denied*, 141 S. Ct. 1252 (2021). Having reviewed the record under a deferential abuse-of-discretion standard of review, *see Gall v. United States*, 552 U.S. 38, 41, 51 (2007), we also conclude the court did not impose a substantively unreasonable sentence. The court considered the factors set forth in 18 U.S.C. § 3553(a), and there is no indication the court overlooked a relevant factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing relevant factors. *See United States v. Feemster*, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc); *see also United States v. Lazarski*, 560 F.3d 731, 733 (8th Cir. 2009) (explaining that when a district court varies below the guideline range, "it is nearly inconceivable that the court abused its discretion in not varying downward still further"). Finally, we have independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal.

Accordingly, the judgment is affirmed.

_____