# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2494
_____

United States of America

*Plaintiff - Appellee*

v.

Dustin Wayne Vanacker

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: February 2, 2022
Filed: February 9, 2022
[Unpublished]

_____

Before GRUENDER, ERICKSON, and KOBES, Circuit Judges.

_____

PER CURIAM.

Dustin Wayne Vanacker appeals the below-Guidelines sentence the district court[1] imposed after he pleaded guilty to drug offenses. His counsel has moved for

_____

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

leave to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that the sentence is substantively unreasonable.

Upon careful review, we conclude that the district court did not abuse its discretion in imposing Vanacker's sentence, as the record shows the court considered and discussed the appropriate statutory factors. *See United States v. Feemster*, 572 F.3d 455, 461-62, 464 (8th Cir. 2009) (en banc) (in reviewing sentences, appellate court first ensures no significant procedural error occurred, then considers substantive reasonableness of sentence under abuse-of-discretion standard); *United States v. Stults*, 575 F.3d 834, 849 (8th Cir. 2009) (where court makes individualized assessment based on facts presented, addressing defendant's proffered information in consideration of 18 U.S.C. § 3553(a) factors, sentence is not unreasonable); *cf. United States v. Lazarski*, 560 F.3d 731, 733 (8th Cir. 2009) (when court imposes below-Guidelines-range sentence, noting it is "nearly inconceivable" that court abused its discretion in not varying downward still further).

Having independently reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal. Accordingly, we grant counsel leave to withdraw, affirm the judgment of the district court, and deny as moot Vanacker's pending motion to appoint counsel.

_____