# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 22-1440

———————————————

United States of America

*Plaintiff - Appellee*

v.

Clarence Washington

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Eastern

——————————

Submitted: October 31, 2022
Filed: December 1, 2022
[Unpublished]

——————————

Before LOKEN, BENTON, and SHEPHERD, Circuit Judges.

——————————

PER CURIAM.

Clarence Washington appeals after he pled guilty to drug and firearm offenses and failing to appear. The district court[1] imposed a below-Guidelines prison term. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

---

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa, now retired, adopting the report and recommendations of the

Washington entered a conditional guilty plea preserving his right to appeal the denial of a motion to suppress evidence and his sentence. In counseled and pro se briefs, Washington argues that the district court erred in denying his motion to suppress, and that his prison term is substantively unreasonable. Washington also raises claims of ineffective assistance of counsel and asserts he was sentenced based on a drug quantity not charged in the indictment.

To the extent Washington intended to challenge the voluntariness of his guilty plea based on an assertion that counsel misadvised him as to the sentence he would receive, the claim is not cognizable in this appeal. *See United States v. Foy*, 617 F.3d 1029, 1033-34 (8th Cir. 2010) (claim that plea was unknowing or involuntary not cognizable on direct appeal where defendant failed to move in district court to withdraw guilty plea). This court declines to address Washington's remaining ineffective-assistance-of-counsel claims. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826-27 (8th Cir. 2006) (ineffective-assistance claims are best litigated in collateral proceedings, where record can be properly developed).

This court finds no error in the denial of the motion to suppress. *See United States v. Parks*, 902 F.3d 805, 812 (8th Cir. 2018) (standard of review). The record shows that the GPS warrant application contained sufficient information to establish probable cause. Even if probable cause for issuing the warrant did not exist, it was objectively reasonable for an officer executing the warrant to have relied in good faith on the determination that probable cause existed. *See United States v. Bradley*, 924 F.3d 476, 480-81 (8th Cir. 2019); *United States v. Lopez-Zuniga*, 909 F.3d 906, 910-11 (8th Cir. 2018). The February 2021 vehicle stop was supported by reasonable suspicion notwithstanding Washington's objections to the reliability of the information supporting the stop. *See Kansas v. Glover*, 140 S. Ct. 1183, 1188 (2020) (reasonable suspicion is a "less demanding" standard, and can be established with information that is different in quantity or content than that required for

Honorable Stephen B. Jackson, United States Magistrate Judge for the Southern District of Iowa.

-2-

probable cause) (citation omitted); *United States v. Sanchez*, 955 F.3d 669, 674 (8th Cir. 2020) (reasonable suspicion for traffic stop requires a particularized and objective basis for suspecting legal wrongdoing); *United States v. Shields*, 519 F.3d 836, 837 (8th Cir. 2008) (valid arrest warrant for person believed to be vehicle occupant justifies vehicle stop); *cf. United States v. Hensley*, 469 U.S. 221, 234 (1985) (investigatory stop justified based on informant's detailed recounting of robbery and admission of her involvement in robbery; under circumstances, information carried enough indicia of reliability).

The district court did not impose a substantively unreasonable sentence. The record reflects that the court considered the 18 U.S.C. § 3553(a) factors—including both aggravating and mitigating factors—and imposed a below-Guidelines sentence. *See United States v. Feemster*, 572 F.3d 455, 461-62, 464 (8th Cir. 2009) (en banc) (appellate court first ensures no significant procedural error occurred, then considers substantive reasonableness of sentence under deferential abuse-of-discretion standard); *United States v. Stults*, 575 F.3d 834, 849 (8th Cir. 2009) (where court makes individualized assessment based on facts presented, addressing defendant's proffered information in consideration of § 3553(a) factors, sentence is not unreasonable); *United States v. Lazarski*, 560 F.3d 731, 733 (8th Cir. 2009) (when court imposes below-Guidelines sentence, it is "nearly inconceivable" that court abused its discretion in not varying downward still further). The court has independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and finds no nonfrivolous issues outside the scope of the appeal waiver.

The judgment is affirmed, and counsel's motion to withdraw is granted.

_____