# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2895
_____

United States of America,

*Plaintiff - Appellee*,

v.

Jesse Pina Ontiveros,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: September 18, 2023
Filed: November 8, 2023
[Unpublished]

_____

Before COLLOTON, GRASZ, and KOBES, Circuit Judges.

_____

PER CURIAM.

Jesse Pina Ontiveros pleaded guilty to a charge of conspiracy to distribute fifty grams or more of methamphetamine. *See* 21 U.S.C. §§ 846, 841(b)(1)(A). The

district court[*] sentenced him to a term of 324 months' imprisonment. Ontiveros argues on appeal that the government's advocacy at the sentencing hearing breached a provision of his plea agreement. We conclude that Ontiveros waived the objection, and we affirm the judgment.

The dispute concerns a provision in the plea agreement between the parties concerning the sentencing guidelines. One paragraph stated as follows: "If the base offense level is 16 or above, as determined by the Court, the Government agrees that Defendant should receive a 3-level reduction, based on timely notification to the Government of Defendant's intent to plead guilty."

The guideline on acceptance of responsibility provides for a two-level decrease if the defendant clearly accepts responsibility. USSG § 3E1.1(a). The guideline allows for a decrease of one additional level, on motion of the government, if the defendant timely notifies authorities of an intention to plead guilty. *Id*. § 3E1.1(b).

The presentence report in this case recommended that the court reduce Ontiveros's offense level by only two levels for acceptance of responsibility. The probation office explained that Ontiveros was granted two extensions of the deadline for entering a guilty plea, and that the court denied a third motion for extension of the deadline. Because the docket showed a deadline of April 18, 2022, and Ontiveros did not enter a guilty plea until April 27, the probation office declined to recommend a three-level reduction under § 3E1.1(b).

At sentencing, the district court heard from the parties on the question of acceptance of responsibility. The government declined to move for a three-level decrease because it considered the defendant's plea notification untimely. Ontiveros

---

[*]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

stated that the three-level reduction was "negotiated preliminarily in the plea agreement," but conceded that "if the Court doesn't want to grant the one [level] or doesn't want to recognize that, that is perfectly fine." The court declined to decrease the offense level by three levels because Ontiveros did not timely enter a guilty plea in accordance with the court's deadline. After calculating the remainder of the guidelines, the court arrived at an advisory guideline range of 360 months to life imprisonment.

Ontiveros sought a sentence below the advisory range. Among other things, defense counsel argued that "the Government gets to enjoy every benefit of this plea agreement," while "Mr. Ontiveros receives nothing," because even if he received a third level of reduction for acceptance of responsibility, the advisory range would still be 360 months to life imprisonment. He continued: "None of it is the perceived benefits here, Your Honor. That is unfair in the quid pro quo, the exchange of benefits, that is fundamental to the negotiation process."

In light of counsel's comments, the court sought to clarify Ontiveros's position:

THE COURT: I want to make some things clear because you have not alleged that the Government has breached the plea agreement; correct?

[COUNSEL]: Oh, no. I would never — I'm not alleging a breach of the plea agreement at all.

THE COURT: And when you talk about "perceived benefits," as we know, the plea agreements are interpreted as a contract. Is there anything in the plea agreement that has not been realized?

[COUNSEL]: Your Honor, that — no. That's not — I'm not saying that there's a breach. I'm not saying that the Government's position is not warranted. What I am saying is the practical reality under a just and equitable sentence and the theory behind the plea would contemplate an exchange of benefits, and I don't think it's fair that the logistical reality

-3-

of this would end up giving the Government every single bit of their benefits perceived but Mr. Ontiveros does not.

The court then considered the factors set forth in 18 U.S.C. § 3553(a) and varied downward from the advisory range to impose a term of 324 months' imprisonment. The court observed that defense counsel "acknowledged that there is no breach of the plea agreement, that there is nothing that is contemplated in the plea agreement that has not been effectuated." The court found "nothing in this plea agreement that suggests a benefit that is not being provided by the Government," and found "nothing amiss."

On appeal, Ontiveros argues that the government breached the plea agreement. He contends that the government agreed that Ontiveros should receive a three-level reduction for acceptance of responsibility, but then declined to move for the reduction under § 3E1.1(b). The government responds that Ontiveros waived this point in defense counsel's colloquy with the district court.

We conclude that Ontiveros waived any claim of error based on a breach. At sentencing, the district court twice asked defense counsel whether he was arguing that the government breached the plea agreement. Defense counsel twice assured the court that he was not advancing that position.

Ontiveros admits that he was a "bit all-over-the-place on this issue" at the hearing, but maintains that he clearly sought a three-level reduction for acceptance of responsibility. Perhaps because the defense argument was disjointed, the district court specifically inquired whether Ontiveros was asserting a breach of the plea agreement. Defense counsel expressly affirmed that he was not raising that claim, and the court was entitled to rely on that assurance. Ontiveros intentionally relinquished any right to claim a breach of the agreement, so any error was extinguished. *United States v. Olano*, 507 U.S. 725, 733 (1993).

-4-

Ontiveros also argues that his sentence is unreasonable with respect to 18 U.S.C. § 3553(a). We review the reasonableness of the sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 52 (2007). The court considered the § 3553(a) factors and varied downward from the advisory guideline range by three years of imprisonment. Given the leniency already afforded, the district court did not abuse its discretion by declining to vary further downward. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc); *United States v. Lazarski*, 560 F.3d 731, 733 (8th Cir. 2009).

The judgment of the district court is affirmed.

_____